## IN THE UNITED STATES DISTRICT COURT IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIAM PATRICK MCKENNA, Individually and as Administrator of the Estate of BAILEY FRANCIS MCKENNA, deceased<br>4531 Ashburner Street<br>Philadelphia, Pennsylvania 19136<br>      **Plaintiff,**<br><br>  vs.<br><br>**POLICE OFFICER JOSEPH WOLK,**<br>Individually, and in his official capacity<br>c/o City of Philadelphia<br>1515 Arch Street<br>Philadelphia, Pennsylvania, 19102<br><br><br>    -AND-<br>**PHILADELPHIA POLICE COMMISSIONER RICHARD ROSS, JR.**<br>Individually and in his official capacity<br>c/o City of Philadelphia<br>1515 Arch Street<br>Philadelphia, Pennsylvania, 19102<br><br><br>    -AND-<br>**CITY OF PHILADELPHIA**<br>1515 Arch Street<br>Philadelphia, Pennsylvania, 19102<br><br><br>    -AND-<br>**POLICE OFFICERS JOHN DOES 1-15,**<br>Individually and in their official capacities as members of the Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, Pennsylvania, 19102<br><br><br>    -AND-<br>**POLICE OFFICERS JANE DOES 1-15,**<br>Individually and in their official capacities as members of the Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, Pennsylvania, 19102<br>      **Defendants.** | CASE NO.: _____<br><br><br>COMPLAINT |

## COMPLAINT

Plaintiff, Liam McKenna, as Administrator of the Estate of Bailey McKenna, deceased (hereinafter "Mr. McKenna" and/or "Plaintiff's decedent"), by and through his undersigned counsel, complains and requests relief against the Police Officer, Joseph Wolk, Philadelphia Police Commissioner, Richard Ross, Jr., the City of Philadelphia, and thirty (30) unidentified police officers identified herein as John Doe 1 through John Doe 15 and Jane Doe 1 through Jane Doe 15, and avers as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action for money damages brought under 42 U.S.C. §§ 1983, 1985, and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and raising supplemental state law claims concerning the actions of Police Officer Joseph Wolk, Police Commissioner Richard Ross, Jr., Police Officers John Does 1-15 and Police Officers Jane Does 1-15, who are unidentified City of Philadelphia Police Department police officers, criminal investigation detectives, and/or other employees of the City of Philadelphia and/or the Philadelphia Police Department (whose identities are currently known by Defendants but unknown by Plaintiff) in their individual and official capacities as police officers, in unlawfully arresting, and using excessive, unreasonable, and deadly force against plaintiff's decedent, Bailey Francis McKenna.

2.     Prior to the institution of this lawsuit, Plaintiff made multiple requests to the City of Philadelphia Police Department for the release of the crash investigation report, police report, and other investigative materials that are exclusively in the possession of the City of Philadelphia Police Department.

3.     Despite plaintiff's request, the City of Philadelphia Police Department, by and through its employees, including Police Commissioner, Richard Ross, Jr., have conspired in

violation of 42 U.S.C. §1985 to cover up the deprivation of Bailey Francis McKenna's civil rights and conceal the conduct of Officer Joseph Wolk, the unknown Police Officers John Does 1-15 and Jane Does 1-15, the Philadelphia Police Department, and the City of Philadelphia by inappropriately withholding public information under the guise "of an ongoing investigation."

4.     As set forth above, the City of Philadelphia Police Department, by and through, its employees, including Police Commissioner, Richard Ross, Jr., has refused to supply Plaintiff with the full police report, crash investigation division report, and other investigative materials, including photographs, related to the subject incident and the investigation conducted in connection therewith.

5.     It is alleged that this refusal to supply information to Plaintiff is a conspiracy to cover up the violations of Plaintiff's Decedent's Fourth and Fourteenth Amendment Civil Rights and that said conspiracy was a result of the policies and customs of the City of Philadelphia Police Department.

6.     The instant action is brought against all Defendants identified herein for committing acts under color of law which deprived Plaintiff's Decedent, Bailey Francis McKenna, of rights secured under the Constitution and laws of the United States and the Constitution and laws of the Commonwealth of Pennsylvania.

7.     The instant civil action also seeks damages against the Defendants for intentional wrongdoing, Reckless Indifference to citizens' rights, and tortious acts under common law.

8.     Defendants, Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15, unlawfully initiated a chase of Plaintiff's Decedent and other dirt bike riders at the intersection of Harbison Avenue and Torresdale Avenue in Philadelphia in violation of Philadelphia Police Department Directive 9.4 concerning vehicular pursuits.

9.    Having failed to apprehend the dirt bike riders at the intersection of Harbison and Torresdale Avenue, defendants, Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15, unlawfully pursued Plaintiff's Decedent west-bound on Torresdale Avenue in flagrant violation of Philadelphia Police Department Directive 9.4 prohibiting vehicular pursuits, and in contravention of Plaintiff Decedent's Fourth and Fourteenth Amendment Rights, Defendant Wolk maliciously and intentionally crashed his police SUV into Plaintiff Decedent's dirt bike intending to cause, and causing, Bailey McKenna to suffer catastrophic and fatal injuries.

10.    Alternative to and/or in addition to the above factual averments in Paragraph 9, Plaintiff alleges that upon failing to apprehend Bailey McKenna at the intersection of Harbison and Torresdale Avenue and having terminated his pursuit of Bailey McKenna for the commission of a non-violent traffic offense, defendant, Police Officer Joseph Wolk, later observed Plaintiff's Decedent travelling alone on Torresdale Avenue and, in violation of Bailey McKenna's Fourth and Fourteenth Amendment Rights, unlawfully stopped Bailey McKenna through the use of unreasonable, excessive, and deadly force when he intentionally and maliciously crashed his police SUV into Bailey McKenna's dirt bike causing Bailey McKenna to suffer catastrophic and fatal injuries that Defendant Wolk knew and/or should have known were virtually certain to result.

11.    Alternative to and/or in addition to the preceding factual averments in Paragraphs 9 and 10, Plaintiff alleges that defendant, Police Officer Joseph Wolk, recklessly operated his police SUV in contravention of his common law duty to operate his vehicle in a safe and reasonable manner on the roads of Pennsylvania when, after having terminated his pursuit of Bailey McKenna, defendant, Police Officer Joseph Wolk, negligently, recklessly, and/or intentionally executed an unsafe left turn at the intersection of Torresdale Avenue and Howell in front of oncoming traffic, despite awareness of the substantial and unreasonable risk that he would cause

a collision with other motorists on the roadway, including Bailey McKenna, where serious bodily injury and/or death was virtually certain to result.

12.     The actions and conduct of Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15 are the result of the policies, practices, customs, and/or deliberate indifference on the part of defendants, the City of Philadelphia Police Department, and Philadelphia Police Commissioner, Richard Ross, Jr., to the dangers of initiating pursuit and chasing citizens through the City and County of Philadelphia for non-violent traffic offenses.

13.     The actions and conduct of Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15 are the result of the policies, practices, customs, and/or deliberate indifference on the part of defendants, the City of Philadelphia Police Department, and Philadelphia Police Commissioner, Richard Ross, Jr., to the dangers of using unlawful and excessive force to apprehend citizens for the commission of non-violent traffic offenses.

14.     The City of Philadelphia Police Department, Police Commissioner Richard Ross, Jr., Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15 clearly violated federal law, including the United States Constitution because Defendants, individually and/or collectively, were on notice of Philadelphia Police Department Directive 9.4 regarding vehicular pursuits, Philadelphia Police Department Directive 10.2 regarding the Use of Force, as well as a consensus of other cases involving serious injuries and/or deaths caused in the United States of America by the unlawful, excessive, and gratuitous use of force to apprehend citizens for the suspected commission of non-violent traffic offenses.

## STATEMENT OF JURISDICTION

15.     The Court has federal subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1988 and arise under the laws of the United States.

16.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's additional claims under state law because Plaintiff's state law claims relate to Plaintiff's federal law claims, arise out of a common nucleus of operative facts, and form part of the same case

17.     Venue is proper in the Eastern District of Pennsylvania because Plaintiff's claims arise primarily from unlawful conduct occurring in Philadelphia, Pennsylvania.

## PARTIES

18.     Plaintiff, Liam McKenna, is an adult individual residing at 4531 Ashburner Street, Philadelphia, Pennsylvania, 19136.

19.     Plaintiff is the brother of plaintiff's decedent, Bailey Francis McKenna.

20.     Bailey Francis McKenna was born on June 30, 1998 and died on September 24, 2017. A true and correct copy of Bailey Francis McKenna's death certificate is attached hereto as **Exhibit A**.

21.     Mr. Liam McKenna was appointed Administrator of the Estate of Bailey Francis McKenna by the Office of the Register of Wills of Philadelphia County, Pennsylvania on December 14, 2017. *See* **Exhibit B**.

22.     Mr. McKenna has standing to bring the instant action on behalf of the Estate of Bailey Francis McKenna as well as on behalf of the beneficiaries of the Estate.

23.     Defendants, Police Commissioner Richard Ross, Jr., Police Officer Joseph Wolk, Police Officers John Docs 1-15, and Police Officers Jane Does 1-15, were at all times relevant to

this complaint, duly appointed and acting as officers of the City of Philadelphia Police Department, acting under the color of law and under the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania, City of Philadelphia, and/or Philadelphia County.

24.     Defendants, Police Commissioner Richard Ross, Jr., Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15, are being sued in their individual and official capacities.

25.     At all times relevant hereto, defendants, Police Commissioner Richard Ross, Jr., Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15, were acting within the course and scope of their employment with the City of Philadelphia Police Department.

26.     At all times relevant hereto, the City of Philadelphia Police Department and Police Commissioner Richard Ross, Jr. had responsibility over the policies, procedures, practices, and training of the police officers under the employ of the City of Philadelphia Police Department, including Police Officers Joseph Wolk, John Does 1-15, and Police Officers Jane Does 1-15.

27.     At all times relevant hereto, the City of Philadelphia Police Department and Police Commissioner Richard Ross, Jr. had responsibility for hiring, supervising, retaining, disciplining, and terminating police officers under the employ of the City of Philadelphia Police Department, including Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

28.     At all times relevant hereto, Police Commissioner Richard Ross, Jr. was responsible for the day to day operation of the City of Philadelphia Police Department.

29.     At all times relevant hereto, the unconstitutional acts of Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15 were the result of the

policies, practices, customs, and/or procedures of the City of Philadelphia Police Department which were implemented, overseen, approved, ratified, and/or controlled by Police Commissioner Richard Ross, Jr.

30.    The City of Philadelphia is a municipality that owns, operates, manages, controls, and/or is otherwise responsible for the City of Philadelphia Police Department, including the employment, supervision, and retention of Police Commissioner Richard Ross, Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

31.    Defendant, the City of Philadelphia, fully funds and maintains the City of Philadelphia Police Department which operates under and administers a set of law enforcement policies, practices, and customs involving the hiring, training, supervision, retention, and termination of its officers, employees, agents, servants, and ostensible agents, including but not limited to Police Commissioner Richard Ross, Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

32.    These policies, practices, and customs include training in traffic encounters with civilians, the use of force, vehicular pursuits for the commission of non-violent traffic offenses, and the safe operation of police vehicles.

33.    The City of Philadelphia is being sued individually and under the theory of respondeat superior.

34.    These policies, procedures, practices, and protocols include written directives that are created, implemented, drafted, revised, ratified, and/or approved by defendant, Police Commissioner Richard Ross, Jr., and include written directive "9.4 Vehicular Pursuits."

35.    These policies, procedures, practices, and protocols include written directives that are created, implemented, drafted, revised, ratified, and/or approved by defendant, Police

Commissioner Richard Ross, Jr., and include written directive 10.2 "Use of Moderate/Limited Force"

## THE FACTS

36.    The primary duty of Philadelphia Police Officers is to preserve human life.

37.    Defendants know that vehicle pursuits are amongst the most dangerous and life-threatening of all police activities.

38.    Police vehicular pursuits are responsible for hundreds of deaths annually.

39.    From 1996 to 2015, an average of approximately 355 persons were killed annually in police pursuit-related crashes.[1]

40.    Defendants know that the safety of citizens must be a primary consideration for Philadelphia Police Officers participating in any vehicular pursuit.

41.    Defendants also know that vehicular pursuits in urban population centers are dangerous and may result in unintentional deaths and/or serious injuries to suspects, police, and bystanders.

42.    Nevertheless, it is the policy, practice, and custom of the Defendants to initiate vehicular pursuits of citizens for operating dirt bikes and other off-road vehicles on the streets of Philadelphia.

43.    By way of example, it is believed and therefore averred that on March 13, 2012, Philadelphia Police Officers pursued a 14-year-old for riding a dirt bike on the streets of Philadelphia before the minor was fatally injured in a collision with another motorist.

---

[1] U.S.Dept. of Justice Special Report, "Police Vehicle Pursuits, 2012-2013" NCJ 250545 (May, 2017), available at: https://www.bjs.gov/content/pub/pdf/pvp1213.pdf

44.     Through a consistent pattern and practice of condoning its police officers' pervasive misconduct and abuse of authority, the City of Philadelphia Police Department engaged in deliberate attempts to cover-up the dangerous policy, practice, and custom of pursuing dirt bike riders for riding dirt bikes on the streets of Philadelphia by creating the impression, through "leaks" and statements to the media that City of Philadelphia Police Officers do not chase dirt bike riders even though such representations made by representatives of the City of Philadelphia Police Department, in this regard, were knowingly false and/or misleading.

45.     On or about April 30, 2013, Philadelphia Police spokesperson Lieutenant John Stanford told news outlets that "[Philadelphia Police Officers] don't get involved in chasing [dirt bike riders] because you have to look at the danger you can cause potentially to innocent motorists or even them for that matter."

46.     Nevertheless, Defendants continued the admittedly dangerous policy, practice, and custom of trying to pull over and pursue citizens for operating dirt bikes on Philadelphia streets, including on November 14, 2016 when Defendants attempted to pull over and pursued Plaintiff's Decedent for riding a dirt bike before defendant, Philadelphia Police Officer Joseph Wolk, crashed into Plaintiff's Decedent with his Ford Expedition.

47.     Prior to November 14, 2016, defendants, individually and/or collectively, knew or should have known that striking or ramming a dirt bike during a vehicular pursuit would result in death or serious bodily injury to rider of the dirt bike.

48.     Prior to November 14, 2016, defendants, individually and/or collectively, knew or should have known that using a police SUV to barricade the imminent travel lane of a dirt bike would result in death or serious bodily injury to the rider of the dirt bike.

A. **Defendants' Unlawful and Unconstitutional Vehicular Pursuit of Bailey McKenna Through the Streets of Philadelphia**

49.     Plaintiff hereby incorporates the preceding averments as if the same were set forth fully herein at length.

50.     On November 14, 2016, at approximately 4:30 p.m., Plaintiff's Decedent picked up his motorized bicycle, a red Honda CRF 250, from a mechanic.

51.     Plaintiff's Decedent, accompanied by other several other motorized bicycle riders, was travelling North on Harbison Avenue towards the intersection of Harbison and Torresdale Avenue in the right turning lane.

52.     At approximately the same time the group of motorized bicycle riders reached the traffic light, a police SUV driven by Defendant Wolk activated lights and sirens and turned left from Torresdale Avenue directly into the travel lane occupied by the motorized bicycle riders.

53.     Defendant Wolk initiated pursuit of Plaintiff's Decedent and the other motorized bicycle riders in traffic on Harbison Avenue.

54.     Defendant Wolk chased the motorized bicycle riders and Plaintiff's Decedent through an alley, onto Kennedy Street, and back onto Harbison Avenue, before entering the parking lot of Dunkin Donuts at 5322 Torresdale Avenue with lights and sirens still activated.

55.     At approximately the same time Defendant Wolk entered the Dunkin Donuts' parking lot, Plaintiff's Decedent was on his motorized bicycle travelling westbound on Torresdale Avenue and was separated from the other motorized bicycle riders.

56.

57.     Defendant Wolk observed Plaintiff's Decedent travelling westbound on Torresdale Avenue and exited the Dunkin Donuts parking lot to chase Plaintiff's Decedent.

58.     Defendant Wolk separated Plaintiff's Decedent from the other motorized bicycle riders and accelerated his cruiser's speed with lights and sirens activated in pursuit of Plaintiff's Decedent.

59.     Defendant Wolk knew and/or should have known that Bailey Francis McKenna was operating the red Honda dirtbike he was chasing, as he met with, spoke, and visited Plaintiff's Decedent on prior occasions and the other motorized bicycle riders on prior occasions.

60.     Rather than discontinue his pursuit of Plaintiff's Decedent as a result of any continuous evaluation of the benefits of capture against the safety of Bailey Francis McKenna, Defendant Wolk remained in active, high speed pursuit of Bailey Francis McKenna on the City of Philadelphia streets.

61.     Defendant Wolk chased Plaintiff's Decedent on Torresdale Avenue past Larue Street, Simon Street, Fraley Street, E Sanger Street, Carver Street, Anchor Street, E Cheltenham Avenue, and VanKirk Street.

62.     It is believed, and therefore averred, that Defendant Wolk lost sight of Bailey McKenna during his pursuit on Torresdale Avenue.

63.     The collision occurred, however, after Defendant Wolk later spotted Bailey McKenna travelling on Torresdale Avenue toward the intersection of Torresdale Avenue and Howell.

64.     At approximately the same time, Defendant Wolk was driving his Ford Explorer on Torresdale Avenue in the opposite direction of Bailey McKenna and was also approaching the intersection of Torresdale Avenue and Howell.

65.     Bailey McKenna was alone and not with any other dirt bike riders.

66.     Bailey McKenna did not commit a serious crime, nor was he suspected of committing a serious crime.

67.     Bailey McKenna was unarmed.

68.     Bailey McKenna was not actively resisting arrest.

69.     Bailey McKenna posed no immediate danger to the safety of the public, Defendant Wolk, or any other City of Philadelphia Police Officer.

70.     Nevertheless, having failed to apprehend Bailey McKenna upon pursuing him through the streets of Philadelphia for the suspected commission of a non-violent traffic offense, and upon later observing Bailey McKenna travelling alone on Torresdale Avenue, Defendant Wolk maliciously and intentionally crashed his Ford Explorer into Bailey McKenna's dirt bike.

71.     Alternative to and/or in addition to the preceding averment, in communication with defendants, Police Officers John Does 1-15, and Police Officers Jane Does 1-15, Defendant Wolk later observed Bailey McKenna, reinitiated his pursuit of Bailey McKenna, and used his Ford Explorer to ram Bailey McKenna off his dirt bike with the intent to seriously injure and/or cause death to Bailey McKenna.

72.     Alternative to and/or in addition to the preceding two averments, in communication with defendants, Police Officers John Does 1-15, and Police Officers Jane Does 1-15, Defendant Wolk later observed Bailey McKenna, reinitiated his pursuit of Bailey McKenna, and positioned the broad side of his Ford Explorer directly into Bailey McKenna's anticipated, imminent lane of travel for use as roadblock to separate Bailey McKenna from his dirt bike with the intent to seriously injure and/or cause death to Bailey McKenna.

73.     Defendant Wolk knew and/or reasonably should have known he would cause Bailey McKenna to suffer serious bodily injury and/or death upon impact given Bailey McKenna's

direction of travel, and the size, weight, and dimensions of Bailey McKenna's dirt bike compared to the size, weight, and dimensions of his police SUV.

74.    The force upon impact separated Bailey McKenna from his dirt bike and propelled the 18 year old across the intersection into a parked vehicle.

75.    Mr. McKenna suffered serious physical and neurological injuries as a result of the incident, including multiple fractures, serious traumatic brain injury, and complete paraplegia.

76.    EMS arrived on scene after the incident and transported Bailey McKenna to a local Hospital for medical treatment.

77.    18 year-old Bailey Francis McKenna was unable to walk, talk, communicate, or care for himself or his property as a result of his injuries, damages, and losses.

78.    Following the incident, the 18 year-old never returned home to his family, as he was transferred between hospitals, acute in-patient rehabilitation facilities and nursing homes.

79.    Though Bailey McKenna was alert, he was unable to walk, speak, or move his extremities and suffered through the pain, distress, and deformities of infected stage III and IV decubitis ulcers.

80.    Tragically, Bailey McKenna died prematurely on September 24, 2017 as a result of complications from injuries he sustained in the collision of November 14, 2016. **Exh A.**

**B. Defendants' Conduct Exceeded the Bounds of any Objectionably Reasonable Interpretation of Bailey McKenna's Clearly Established Constitutional Rights**

81.    Plaintiff hereby incorporates the preceding averments as if the same were set forth fully herein at length.

82.    To minimize the possibility of a wreck, Philadelphia Police Officers must maintain a minimum of five (5) car lengths following distance during a vehicular pursuit.

83.     Philadelphia Police Department Directive 9.4 also prohibits Philadelphia Police Officers from Ramming vehicles and from using Roadblocks to stop vehicles during a vehicular pursuit.

84.     Philadelphia Police Department Directive 9.4 further states that Philadelphia Police Officers must ensure proper force is used to arrest or apprehend a citizen in a vehicular pursuit.

85.     Philadelphia Police Officers know that they must apprehend citizens consistent with guidelines set forth in Philadelphia Police Directive 10.2 entitled "Use of Moderate/Limited Force."

86.     Under no circumstances may Philadelphia Police use excessive force to apprehend a dirt bike rider for violation of Pennsylvania's motor vehicle code.

87.     At all times material, defendants knew that Ramming vehicles and using Roadblocks to stop vehicles constituted an unreasonable and illegal use of excessive force to detain citizens suspected of non-violent traffic offenses.

88.     Bailey Francis McKenna was unarmed and non-threatening at the time he was pursued by Defendant Wolk, Philadelphia Police Officers John Does 1-15 and Police Officers Jane Does 1-15, who set into motion events and actions which lead to the death of Bailey McKenna.

89.     Bailey McKenna was not observed to have committed or attempted to commit any forcible felony by Defendant Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

90.     Nor was Bailey McKenna observed to be in possession of a deadly weapon nor conduct which posed or presented a risk of imminent death or serious bodily injury to another person, at the time Bailey Francis McKenna came into contact with Defendant Wolk, Defendants Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

91.    Bailey Francis McKenna was not attempting to evade a lawful arrest and he did not pose an immediate threat to the safety of officers or others.

92.    Alternative to and/or in addition to the preceding factual averments set forth in this Complaint, Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, without justification and under the guise of conducting legitimate police activity on behalf of The City of Philadelphia Police Department, and without ever having observed Bailey Francis McKenna with a weapon, nor committing any forcible felony, nor making a threatening move against any police officer or person on the scene, initiated vehicular pursuit of Bailey Francis McKenna, remained in active vehicular pursuit, and/or failed to terminate vehicular pursuit of Bailey Francis McKenna and intentionally and maliciously brought the pursuit to an end by hitting Mr. McKenna's dirt bike with a Ford Expedition.

## C. Defendants' Unlawful and Unconstitutional Use of Deadly Force to Seize Bailey McKenna for the Commission a Suspected, Non-Violent Traffic Offense

93.    Plaintiff hereby incorporates the preceding averments as if the same were set forth fully herein at length.

94.    Bailey Francis McKenna was unarmed and non-threatening at the time he was pursued by Defendant Wolk, Philadelphia Police Officers John Does 1-15 and Police Officers Jane Does 1-15, who set into motion events and actions which lead to the death of Bailey McKenna.

95.    Bailey McKenna was not observed to have committed or attempted to commit any forcible felony by Defendant Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

96.    Nor was Bailey McKenna observed to be in possession of a deadly weapon nor conduct which posed or presented a risk of imminent death or serious bodily injury to another

person, at the time Bailey Francis McKenna came into contact with Defendant Wolk, Defendants Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

97.     Moreover, at all times material, the City of Philadelphia Police, Defendant Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15, had a safe alternative to unlawful pursuit and deadly seizure of Bailey Francis McKenna, if warranted, for the commission of a suspected, non-violent traffic offence because the defendants knew the identity and home address of Bailey McKenna.

98.     Alternative to and/or in addition to the preceding factual averments set forth in this Complaint, Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, without justification and under the guise of conducting legitimate police activity on behalf of The City of Philadelphia Police Department, and without ever having observed Bailey Francis McKenna with a weapon, nor committing any forcible felony, nor making a threatening move against any police officer or person on the scene, used excessive and deadly force to apprehend Bailey Francis McKenna which unwarranted because Bailey Francis McKenna was not attempting to evade a lawful arrest by flight, he did not pose an immediate threat to the safety of officers or others, and he was not thought to have committed a serious or severe crime at the moment Defendant Wolk intentionally and maliciously crashed into plaintiff's decedent.

**D. The City of Philadelphia Police Department's Pervasive Misconduct and Abuse of Police Authority in Contravention of Citizens' Constitutional Rights**

99.     Plaintiff hereby incorporates the preceding averments as if the same were set forth fully herein at length.

100.    After the illegal vehicular pursuit and motor vehicle collision on November 14, 2016, through a consistent pattern and practice of condoning its police officers' pervasive misconduct and abuse of authority, defendants, Police Commissioner, Richard Ross, Jr., and the

City of Philadelphia Police Department, deliberately sought to cover-up the facts and circumstances surrounding the Philadelphia Police Department's unlawful pursuit and use of deadly force to run down Bailey Francis McKenna under the guise of legal police activities by creating the impression, through "leaks" and other statements, that Bailey Francis McKenna committed a serious crime and was criminally liable for the unlawful police pursuit and deadly motor vehicle collision which caused him to suffer serious and permanent debilitating injuries.

101.    As part of the Defendants' campaign to control the narrative and disguise its officers' pervasive misconduct and abuse of authority, defendants restricted plaintiff's decedent's family members and plaintiff's counsel from accessing reportable crash information.

102.    Specifically, pursuant to 75 Pa.C.S. §3751(a), the Philadelphia Police Department was required to submit an initial written report of the November 14, 2016 incident within fifteen (15) day of the crash.

103.    The City of Philadelphia Police Department is statutorily required to furnish a certified copy of the *full* report of the police investigation to plaintiff's counsel upon request.

104.    Philadelphia Police Department Directive 9.6 entitled "vehicular accidents" instructs Philadelphia Police that police are statutorily required to furnish a copy of the *full* crash report upon request by plaintiff's counsel.

105.    To date, no criminal charges were filed against plaintiff's decedent, Bailey McKenna, stemming from the November 14, 2016 incident such that it would pose an impediment to plaintiff's ability to obtain a full copy of the crash report. A true and correct copy of the results of plaintiff's counsel's Common Pleas Courts Docket Sheet is attached hereto as **Exhibit "C."**

106.    On May 15, 2017, plaintiff's counsel submitted an initial request to obtain the City of Philadelphia Crash Report associated with the November 14, 2016 incident. A true and correct copy of the May 15, 2017 request to furnish the police report is attached hereto as **Exhibit "D."**

107.    On May 18, 2017, plaintiff's counsel was furnished an illegible and incomplete City of Philadelphia Crash Report, consisting only of forms/pages AA 500 1, AA 500 2, AA 500 5.  A true and correct copy of the Police Crash Report furnished to plaintiff's counsel is attached hereto as **Exhibit "E."**

108.    The police crash report contains only a brief description of the incident supplied by Defendant Wolk, which states "after clearing a group of dirt bikes from another area," "[Defendant Wolk] was travelling S/B on Torresdale Avenue when he attempted to make a left turn onto Howell Street" and "at that time [Bailey Francis McKenna] made contact with the front passenger side of [Defendant Wolk's SUV]." ***See Exh E.***

109.    On December 11, 2017, plaintiff's counsel submitted a second request to obtain a City of Philadelphia Traffic Accident Report associated with the November 14, 2016 incident. A true and correct copy of the December 11, 2017 request to furnish the police report is attached hereto as **Exhibit "F."**

110.    In response, plaintiff's counsel was furnished with a copy of the same illegible and incomplete City of Philadelphia Crash report previously furnished on May 18, 2017.

111.    As set forth in the illegible copy of Philadelphia Crash Report on page AA 500 5, ***Exhibit E***, given the severity of Bailey McKenna's injuries and the involvement of a City of Philadelphia Police Officer in the collision, the Crash Investigation Division (CID) arrived on scene after the collision to investigate the incident.

112.    As early as October 31, 2017, plaintiff's counsel made numerous unsuccessful attempts to obtain copies of the Crash Investigation Division's Report of the collision from the City of Philadelphia Crash Investigation Division, specifically CID Officer Wood and CID Officer Wood's supervisor, however plaintiff's counsel was given numerous excuses with varying explanations as to why the Crash Investigation Report was unavailable and could not be furnished including, the matter was subject to an "ongoing investigation" more than one full year after the crash, that the Report was being amended and plaintiff's counsel's request for the Crash Investigation Report must be addressed to the City of Philadelphia Police Department's attorneys, or that the Crash Investigation Report could not be furnished to plaintiff's counsel and "must be obtained by subpoena" after the filing of a lawsuit.

113.    Despite the fact that defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department, knew or should have known that Bailey Francis McKenna was severely injured and killed as a result of the improper and unlawful use of deadly force, said defendants failed to timely prepare, issue, finalize and/or supply a copy of the crash investigation report containing the findings and/or results of their investigation.

114.    Shortly after the death of Bailey Francis McKenna, through a consistent pattern and practice of condoning its police officers' pervasive misconduct and abuse of authority, defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department, continued in their deliberate attempt to cover-up the facts and circumstances surrounding the deadly and illegal seizure of Bailey Francis McKenna by creating the impression, through "leaks" and other statements that Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15 were acting properly and legally even though such representations made by

Commissioner Ross and/or representative of the City of Philadelphia Police Department, in this regard, were knowingly false and/or misleading.

115.    The misleading leaks, withholding of information, and/or selective release of data and information surrounding the fatal crash and incident surrounding Defendant Wolk's overt use of excessive and unlawful force in seizing Bailey Francis McKenna which collectively suggest the fatal event was merely an *accident* caused by plaintiff's decedent and through no fault, reckless disregard, or malice of defendants, were orchestrated in an attempt to justify the indefensible actions of Defendant Wolk, Police Officers John Does 1-15 and/or Jane Does 1-15, all while knowing that such representations and details were blatantly false or misleading.

116.    Defendants, Police Commissioner, Richard Ross, Jr., the City of Philadelphia Police Department knew or should have known that its police officers, including Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15 routinely violate the civil rights of persons in all walks of life by initiating and continuing illegal and unlawful vehicular pursuits throughout the City of Philadelphia in contravention of Philadelphia Police Directive 9.4, yet defendants have failed to take any steps to have its police officers appropriately trained and supervised.

117.    It is believed, and, therefore, averred that Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, had a history of initiating and continuing illegal and unlawful vehicular pursuits throughout the City of Philadelphia in contravention of Philadelphia Police Directive 9.4.

118.    It is believed, and, therefore, averred that defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department knew or should have known that

its police officers were inadequately and/or inappropriately trained in proper police procedures, practices, and protocols, including the vehicular pursuits.

119.    Defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department knew or should have known that its police officers, including Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15 routinely violate the civil rights of persons in all walks of life by using excessive and unlawful force in apprehending non-violent, unarmed citizens who pose no immediate risk to police or others on scene throughout the City of Philadelphia in contravention of Philadelphia Police Directive 10.2 and regulations concerning the reasonable use of force, yet defendants have failed to take any steps to have its police officers appropriately trained and supervised.

120.    It is believed, and, therefore, averred that Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, had a history of using excessive and unlawful force in apprehending citizens, from all walks of life, who are unarmed and pose no immediate threat to the safety of police for the suspected commission of non-violent crimes in contravention of Philadelphia Police Directive 9.4.

121.    It is believed, and, therefore, averred that defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department knew or should have known that its police officers were inadequately and/or inappropriately trained in proper police procedures, practices, and protocols, including the use of moderate/limited force.

122.    Defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department routinely allow their improperly and inadequately trained police officers to use apprehend suspects without proper training on the use of moderate/limited force.

123.    Defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department routinely allow their improperly and inadequately trained police officers to initiate and participate in vehicular pursuits of suspects without proper training on the use of moderate/limited force.

124.    Defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department routinely allow their improperly and inadequately trained police officers to initiate and participate in vehicular pursuits of suspects without proper training on the propriety and necessity of vehicular pursuits.

125.    Defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department failed to train police officers, including Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, in procedures concerning vehicular pursuits of a suspect in and throughout the City of Philadelphia.

126.    Defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department failed to train police officers, including Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, in procedures concerning the use of moderate/limited force to apprehend suspects in ongoing and/or discontinued vehicular pursuits in and throughout the City of Philadelphia.

127.    Defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department failed to train police officers, including Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, in procedures concerning the use of moderate/limited force to apprehend citizens suspected in the commission of a non-violent crime or traffic offense.

128.    At all times relevant hereto, Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, were acting under color of law and within the scope of their employment as a duly appointed law enforcement officer of the City of Philadelphia.

129.    At all times relevant hereto, Defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department were responsible for the tortious acts and omissions of Defendants Police Officers John Does 1-15 and Jane Does 1-15 and were further responsible for the hiring, training, supervision, monitoring and disciplining of the police officers involved in the unlawful pursuit and deadly apprehension of 18 year old Bailey Francis McKenna for the commission of a non-violent traffic offense.

### - COUNT I -
### DEPRIVATION OF CONSTITUTIONAL AND COMMON LAW RIGHTS PURSUANT TO THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. §1983
### PLAINTIFF V. JOSEPH WOLK

130.    Plaintiff incorporates by reference herein each and every allegation set forth above.

131.    At all times relevant herein, the Defendants were "persons" within the meaning of 42 U.S.C. §1983.

132.    At all times relevant herein, the Defendants were acting "under color of state law" pursuant to 42 U.S.C. §1983.

133.    On November 14, 2016 the Defendants herein initiated, continued, and failed to supervise, discontinue and/or terminate an unlawful vehicular pursuit of plaintiff's decedent.

134.    Defendant Wolk intentionally and maliciously crashed his police SUV into Plaintiff's Decedent's dirt bike causing Plaintiff's Decedent to suffer serious, and ultimately fatal, injuries.

135.    Alternative and/or in addition to the preceding averment, Defendant Wolk intentionally and maliciously used his police SUV as a barricade and rammed Bailey McKenna's

dirt bike to apprehend the 18-year old for the commission of a suspected, non-violent traffic offense.

136.    Defendant Wolk's conduct and/or inaction violated Bailey Francis McKenna's constitutional right to substantive and procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and as remediable pursuant to 42 U.S.C. §1983, as set forth elsewhere in this Complaint and in the following respects:

a. Disregarding the safety and welfare of Bailey Francis McKenna and other members of the public, including police;

b. Ignoring considerations militating against the initiation of vehicular pursuit, including knowledge of Bailey Francis McKenna's identification and address, thereby making available an alternative means of arrest;

c. Initiating an unlawful vehicular pursuit of Bailey Francis McKenna in and throughout the streets of Philadelphia knowing that vehicular pursuit was not necessary to prevent the death or serious bodily injury of another person;

d. Initiating an unlawful pursuit of Bailey Francis McKenna in and throughout the streets of Philadelphia knowing that the pursuit was not necessary to effect Bailey Francis McKenna's arrest or apprehension, and without holding the belief that Bailey Francis McKenna had committed or attempted to commit a forcible felony;

e. Initiating an unlawful pursuit of Bailey Francis McKenna in and throughout the streets of Philadelphia knowing that the pursuit was not necessary to effect Bailey Francis McKenna's arrest or apprehension, and without holding the belief that Bailey McKenna possessed a deadly weapon;

f. Pursuing Bailey Francis McKenna at an unsafe following distance in which a deadly crash was virtually certain to result based upon the speed of the pursuit, road conditions, and the size and characteristics of Defendant Wolk's police cruiser;

g. Consciously disregarding the safety of Bailey Francis McKenna, members of the public, and others by failing to self-terminate pursuit after having initiated the pursuit;

    h.   Losing sight of Bailey Francis McKenna's dirt bike as stated in the police crash report and terminating his pursuit, but making subsequent visual contact of Bailey Francis McKenna and deliberately and maliciously crashing into plaintiff's decedent's dirt bike;

    i.   Deliberately, purposefully, and intentionally crashing into Bailey Francis McKenna's dirt bike, after terminating vehicular pursuit, to cause harm and injure Bailey Francis McKenna;

    j.   Stopping Bailey Francis McKenna's dirt bike by maliciously using his vehicle as an obstruction and/or barricade; and,

    k.   Stopping Bailey Francis McKenna's dirt bike by maliciously and deliberately ramming his dirt bike with his police SUV.

137.    Alternative and/or in addition to the preceding averments, Defendant Wolk used clearly unlawful, excessive, and deadly force to apprehend plaintiff's decedent the suspected commission of a non-violent traffic offense.

138.    Defendant Wolk's conduct and/or inaction violated Bailey Francis McKenna's constitutional rights to substantive and procedural due process, and freedoms from unreasonable seizure and the use of excessive force, as guaranteed by the Fourteenth and Fourth Amendments to the United States Constitution and as remediable pursuant to 42 U.S.C. §1983, as set forth elsewhere in this Complaint and in the following respects:

    a.   Intentionally, deliberately, and purposefully stopping Bailey Francis McKenna's dirt bike by using his vehicle as an obstruction and/or barricade;

    b.   Intentionally, deliberately, and purposefully stopping Bailey Francis McKenna's dirt bike by ramming his dirt bike with his police SUV;

    c.   Intentionally, deliberately, and purposefully driving his police SUV into the path of Bailey Francis McKenna's dirt bike intending and/or knowing that a crash was virtually certain to result;

    d.   Seizing and/or stopping Bailey Francis McKenna knowing and/or having reason to know that the barricade created with his police SUV and/or by crashing into plaintiff's decedent's dirtbike created a substantial likelihood of causing Bailey Francis McKenna to suffer serious injury and/or death;

    e.   Unlawfully exercising deadly force to seize plaintiff's decedent by causing a vehicular crash; and,

    f.   Exercising unreasonable force to seize plaintiff's decedent under the circumstances at the time of his apprehension.

139.    Alternative to and/or in addition to the preceding averments, Defendant Wolk recklessly operated his police cruiser in contravention of his common law duty to operate his police cruiser in a safe and reasonable manner on the roads of Pennsylvania and in contravention of Bailey McKenna's constitutional rights to substantive and procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983, as set forth elsewhere in this Complaint and in the following respects:

    a.   Observing oncoming traffic approach the intersection of Torresdale and Howell but improperly entering the intersection to execute a left turn when other motorists and persons on the roadway had the right of way, despite knowing and/or having reason to know of the high probability that he would cause a traffic collision, and despite awareness of the unreasonable risk of serious bodily harm and/or death to which he was subjecting other users of the Roadway, including plaintiff's decedent; and,

    b.   Improperly entering a traffic-controlled intersection and turning left without yielding the right of way to oncoming traffic, and failing to keep his vehicle under reasonable and adequate control as warranted by traffic conditions, despite awareness he would cause a collision with Bailey McKenna that he knew was virtually certain to result in serious bodily injury and/or death to Bailey McKenna;

140.    As a direct and proximate result of the reckless disregard, and the willful and intentional misconduct of Defendant Wolk, plaintiff's decedent, Bailey McKenna, suffered severe and permanent injuries, including paraplegia and brain damage, which led to severe pain, suffering, mental anguish, embarrassment, disfigurement, distress, loss of enjoyment of life and life's pleasures, and ultimately his death on September 24, 2017.

141.    Pursuant to Pennsylvania Code 42 Pa. C.S. §8302 ("the Survival Act"), plaintiff's decedent, Bailey Francis McKenna's right of action and the claims against the Defendants named herein survives in favor of Liam Patrick McKenna, the legal representative of the deceased.

142.    Plaintiff, Liam Patrick McKenna, herein demands all damages recoverable under the Survival Act, including damages for funeral and medical expenses and conscious pain and suffering as well as any other damages recoverable under the Survival Act.

143.    Plaintiff's Decedent is survived by his mother, Genevie Gleason.

144.    As the Administrator of Baily Francis McKenna's Estate, Patrick Liam McKenna, brings this action on behalf of the survivors of the Decedent pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.§9301.

145.    Plaintiff's Decedent did not bring an action for his personal injuries during his life time and no other action for the Decedent has been commenced against the Defendants. As a result of the death of Bailey McKenna, his survivors have suffered and incurred substantial pecuniary losses of contributions, earnings, services, maintenance, aid association, support, guidance, protection, comfort, care, society, and consortium they would have received for the rest of his natural life, as well as the medical expenses for which damages are demanded.

146.    Plaintiff, Liam Patrick McKenna, is empowered to bring this action to claim all permissible damages and losses pursuant to the Wrongful Death Act, including the pecuniary losses incurred by the Bailey McKenna's survivors, by reason of Bailey McKenna's death, as well as reimbursement of all medical expenses, funeral expenses, administration expenses, and other expenses incurred therewith, and claims the full measure of damages permitted under the Wrongful Death Act, 42 Pa.C.S. §9301.

147.    As a direct and proximate result of the reckless disregard, and willful and intentional misconduct of Defendant Wolk, Plaintiff's Decedent was unable to perform his usual and customary duties and was unable to attend to his normal affairs, all to the great detriment of his estate and next of kin, which have been deprived of his economic support forever.

148.    WHEREFORE, Plaintiff, Patrick Liam McKenna, as the Administrator of the Estate of Bailey Francis McKenna, deceased, demands judgment against all defendants, individually and/or jointly and severally, for compensatory and punitive damages in excess of $150,000.00 and local arbitration limits, together with interest and costs.

## -COUNT II-
## DEPRIVATION OF CONSTITUTIONAL AND COMMON LAW RIGHTS PURSUANT TO THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. §1983
## PLAINTIFF V. POLICE OFFICERS JOHN DOES 1-15 AND JANE DOES 1-15

149.    Plaintiff incorporates by reference each and every allegation set forth above.

150.    At all times relevant hereto, defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15, had an obligation to terminate unjustified vehicular pursuits or else refuse to pursue citizens, including plaintiff's decedent, for the suspected commission of a non-violent traffic offense -- riding dirt bikes and/or off-road vehicles on the roadways of Pennsylvania.

151.    Defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15, had an obligation to avoid injury and protect the safety of Bailey McKenna in initiating, authorizing, monitoring, or supervising vehicular pursuits.

152.    Defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15, had an obligation to employ only reasonable measures and moderate or limited use of force in their interaction and treatment of Bailey McKenna.

153.    Notwithstanding their obligations to Bailey McKenna, defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15, used excessive, unreasonable, and lethal force on Bailey McKenna.

154.    Bailey Francis McKenna was unarmed and non-threatening at the time he was unlawfully seized by defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15.

155.    Bailey McKenna was not observed to have committed or attempted to commit any forcible felony by defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15.

156.    Bailey McKenna was not observed to be in possession of a deadly weapon by defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15.

157.    Bailey McKenna did not pose or present a risk of imminent death or serious bodily injury to another person at the time Bailey Francis McKenna initially came into contact with, nor immediately prior to his unlawful seizure by, defendants, Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

158.    Bailey McKenna was not actively resisting arrest at the time Bailey Francis McKenna initially came into contact with, nor immediately prior to his unlawful seizure by, defendants, Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

159.    Moreover, it is believed and therefore averred, Bailey McKenna was not being pursued by defendants immediately prior to being seized at the intersection of Torresdale Avenue and Howell.

160.    At all times material, defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15, had a safe alternative to the unlawful pursuit and deadly seizure of Bailey

Francis McKenna, if warranted, for the commission of a suspected, non-violent traffic offence because the defendants knew the identity and home address of Bailey McKenna.

161.    Defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15, intentionally and maliciously caused a fatal traffic collision through ramming and/or using police vehicles as a roadblock to bring serious injury and/or death upon Bailey Francis McKenna.

162.    The use of force was not warranted or authorized under the circumstances and in violation of Bailey Francis McKenna's Fourth and Fourteenth Amendment Rights, to be free from unlawful seizures and guarantees to Procedural and Substantive Due Process.

163.    Alternative to and in addition to facts set forth in this Complaint, notwithstanding their obligations to plaintiff's decedent, defendants, Police Officers John Does 1-15 and Police Officers Jane Does 1-15, initiated, continued, supervised, and/or failed to terminate the unlawful pursuit of Bailey Francis McKenna at the time of the crash.

164.    The crash that stopped Bailey Francis McKenna was malicious and intended to bring about serious bodily injury and/or death to Bailey Francis McKenna in violation of his Fourteenth Amendment rights to Procedural and Substantive Due Process.

165.    Pursuant to Pennsylvania Code 42 Pa. C.S. §8302 ("the Survival Act"), plaintiff's decedent, Bailey Francis McKenna's right of action and the claims against the Defendants named herein survives in favor of Liam Patrick McKenna, the legal representative of the deceased.

166.    Plaintiff, Liam Patrick McKenna, herein demands all damages recoverable under the Survival Act, including damages for funeral and medical expenses and conscious pain and suffering as well as any other damages recoverable under the Survival Act.

167.    Plaintiff's decedent is survived by his mother, Genevie Gleason.

168.    As the Administrator of Baily Francis McKenna's Estate, Patrick Liam McKenna, brings this action on behalf of the survivors of the Decedent pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.§9301.

169.    Plaintiff's Decedent did not bring an action for his personal injuries during his life time and no other action for the Decedent has been commenced against the Defendants. As a result of the death of Bailey McKenna, his survivors have suffered and incurred substantial pecuniary losses of contributions, earnings, services, maintenance, aid association, support, guidance, protection, comfort, care, society, and consortium they would have received for the rest of his natural life, as well as the medical expenses for which damages are demanded.

170.    Plaintiff, Liam Patrick McKenna, is empowered to bring this action to claim all permissible damages and losses pursuant to the Wrongful Death Act, including the pecuniary losses incurred by the Bailey McKenna's survivors, by reason of Bailey McKenna's death, as well as reimbursement of all medical expenses, funeral expenses, administration expenses, and other expenses incurred therewith, and claims the full measure of damages permitted under the Wrongful Death Act, 42 Pa.C.S. §9301.

WHEREFORE, Plaintiff, Patrick Liam McKenna, as the Administrator of the Estate of Bailey Francis McKenna, deceased, demands judgment against all defendants, individually and/or jointly and severally, for compensatory and punitive damages in excess of $150,000.00 and local arbitration limits, together with interest and costs.

### -COUNT III-
### DEPRIVATION OF CONSTITUTIONAL RIGHTS PURSUANT TO THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. §1983
### PLAINTIFF V. POLICE COMMISSIONER, RICHARD ROSS, JR. AND CITY OF PHILADELPHIA POLICE DEPARTMENT

171.    Plaintiff incorporates each and every allegation set forth above.

172.    Defendants, Police Commissioner, Richard Ross, Jr., the City of Philadelphia Police Department, acting under the color of law, approved, condoned, and/or ratified the actions of defendants, Joseph Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, therefore, any and all liability on the part of any of the Defendant Police Officers is imputed to them

173.    As a direct, substantial and proximate result of the intentional, willful, malicious and/or otherwise tortious conduct of defendants, Police Commissioner, Richard Ross, Jr., the City of Philadelphia Police Department, Officer Joseph Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, plaintiff's decedent, Bailey McKenna, suffered serious and permanent injuries that resulted in his death.

174.    As a direct, substantial and proximate result of the intentional, willful, malicious and/or otherwise tortious conduct of the defendants, Police Commissioner, Richard Ross, Jr., the City of Philadelphia Police Department, Officer Joseph Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, Bailey McKenna was deprived of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution.

175.    Defendants, Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15 were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures of defendants, City of Philadelphia Police Commissioner, Richard Ross, Jr. and the City of Philadelphia Police Department.

176.    Defendants, City of Philadelphia Police Commissioner, Richard Ross, Jr. and the City of Philadelphia Police Department, acted recklessly and with deliberate indifference to the safety of the public at large, including Plaintiff's decedent, Bailey McKenna, by failing to properly

train, supervise, control, direct, and monitor defendants, Officer Joseph Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15.

177.    Defendants, City of Philadelphia Police Commissioner, Richard Ross, Jr. and the City of Philadelphia Police Department, knew or should have known that defendants, Officer Joseph Wolk, Police Officers John Does 1-15, and/or Police Officers Jane Does 1-15, had known propensities for engaging in the unreasonable police conduct, including unlawful vehicular pursuits, and for using inappropriate and/or excessive force during the course of police work.

178.    Had defendants, City of Philadelphia Police Commissioner, Richard Ross, Jr. and the City of Philadelphia Police Department, conducted a reasonable investigation the aforementioned propensities would have been discovered, and because of the nature of police work, defendants, City of Philadelphia Police Commissioner, Richard Ross, Jr. and the City of Philadelphia Police Department, knew or should have known that the propensities of Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15 posed the risk of injury, including serious injury and death to others.

179.    Defendants, City of Philadelphia Police Commissioner, Richard Ross, Jr. and the City of Philadelphia Police Department, further knew or should have known that defendants, Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15, were a threat to public at large and likely to harm citizens of the Commonwealth of Pennsylvania, including Bailey McKenna.

180.    Despite this knowledge, defendants, City of Philadelphia Police Commissioner, Richard Ross, Jr. and the City of Philadelphia Police Department, chose to hire and retain Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15.

181.    As a direct, substantial, and proximate result of the reckless, willful, malicious and/or otherwise tortious conduct of defendants, Police Commissioner, Richard Ross, Jr., the City of Philadelphia Police Department, Bailey McKenna was wrongfully and unlawfully pursued for the suspected commission of a non-violent traffic offense and, later, unlawfully stopped by defendants, Police Officer Joseph Wolk, Police Officers John Does 1-15, and Police Officers Jane Does 1-15, through the malicious and intentional exercise of deadly force.

182.    As a direct, substantial and proximate result of the reckless, willful, malicious and/or otherwise tortious conduct of defendants, Police Commissioner, Richard Ross, Jr., the City of Philadelphia Police Department, Bailey McKenna, was wrongfully and unlawfully deprived of his civil rights which were afforded to him under the United States Constitution.

183.    Pursuant to Pennsylvania Code 42 Pa. C.S. §8302 ("the Survival Act"), plaintiff's decedent, Bailey Francis McKenna's right of action and the claims against the Defendants named herein survives in favor of Liam Patrick McKenna, the legal representative of the deceased.

184.    Plaintiff, Liam Patrick McKenna, herein demands all damages recoverable under the Survival Act, including damages for funeral and medical expenses and conscious pain and suffering as well as any other damages recoverable under the Survival Act.

185.    Plaintiff's decedent is survived by his mother, Genevie Gleason.

186.    As the Administrator of Baily Francis McKenna's Estate, Patrick Liam McKenna, brings this action on behalf of the survivors of the Decedent pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.§9301.

187.    Plaintiff's Decedent did not bring an action for his personal injuries during his life time and no other action for the Decedent has been commenced against the Defendants. As a result of the death of Bailey McKenna, his survivors have suffered and incurred substantial pecuniary

losses of contributions, earnings, services, maintenance, aid association, support, guidance, protection, comfort, care, society, and consortium they would have received for the rest of his natural life, as well as the medical expenses for which damages are demanded.

188.    Plaintiff, Liam Patrick McKenna, is empowered to bring this action to claim all permissible damages and losses pursuant to the Wrongful Death Act, including the pecuniary losses incurred by the Bailey McKenna's survivors, by reason of Bailey McKenna's death, as well as reimbursement of all medical expenses, funeral expenses, administration expenses, and other expenses incurred therewith, and claims the full measure of damages permitted under the Wrongful Death Act, 42 Pa.C.S. §9301.

WHEREFORE, Plaintiff, Patrick Liam McKenna, as the Administrator of the Estate of Bailey Francis McKenna, deceased, demands judgment against all defendants, individually and/or jointly and severally, for compensatory and punitive damages in excess of $150,000.00 and local arbitration limits, together with interest and costs.

## -COUNT VI-
## CONSPIRACY TO VIOLATE CIVIL RIGHTS
## PLAINTIFF V. ALL DEFENDANTS

189.    Plaintiff incorporates by reference each and every allegation set forth above.

190.    After the illegal vehicular pursuit and motor vehicle collision on November 14, 2016, through a consistent pattern and practice of condoning its police officers' pervasive misconduct and abuse of authority, defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department, deliberately sought to cover-up the facts and circumstances surrounding the Philadelphia Police Department's unlawful pursuit and use of deadly force to run down Bailey Francis McKenna under the guise of legal police activities by creating the impression, through "leaks" and other statements, that Bailey Francis McKenna

committed a serious crime and was criminally liable for the unlawful police pursuit and deadly motor vehicle collision which caused him to suffer serious and permanent debilitating injuries.

191.    Prior to the institution of this lawsuit, Plaintiff sent multiple written requests to the City of Philadelphia Police Department which sought the release of the police report and other investigative materials that are exclusively in the possession of the City of Philadelphia Police Department.

192.    As part of the defendants' campaign to control the narrative and disguise its officers' pervasive misconduct and abuse of authority, defendants restricted plaintiff's decedent's family members and plaintiff's counsel from accessing reportable crash information.

193.    Specifically, pursuant to 75 Pa.C.S. §3751(a), the Philadelphia Police Department was required to submit an initial written report of the November 14, 2016 incident within fifteen (15) day of the crash.

194.    The City of Philadelphia Police Department is statutorily required to furnish a certified copy of the *full* report of the police investigation to plaintiff's counsel upon request.

195.    Philadelphia Police Department Directive 9.6 entitled "vehicular accidents" instructs Philadelphia Police that police are statutorily required to furnish a copy of the *full* crash report upon request by plaintiff's counsel.

196.    To date, no criminal charges were filed against plaintiff's decedent, Bailey McKenna, stemming from the November 14, 2016 incident such that it would pose an impediment to plaintiff's ability to obtain a full copy of the crash report. **Exh C.**

197.    On May 15, 2017, plaintiff's counsel submitted an initial request to obtain the City of Philadelphia Crash Report associated with the November 14, 2016 incident. **Exh D.**

198.    On May 18, 2017, plaintiff's counsel was furnished an illegible and incomplete City of Philadelphia Crash Report, consisting only of forms/pages AA 500 1, AA 500 2, AA 500 5. **Exh E.**

199.    The police crash report contains only a brief description of the incident supplied by Defendant Wolk, which states "after clearing a group of dirt bikes from another area," "[Defendant Wolk] was travelling S/B on Torresdale Avenue when he attempted to make a left turn onto Howell Street" and "at that time [Bailey Francis McKenna] made contact with the front passenger side of [Defendant Wolk's SUV]. *See* **Id.**

200.    On December 11, 2017, plaintiff's counsel submitted a second request to obtain a City of Philadelphia Traffic Accident Report associated with the November 14, 2016 incident. **Exh F.**

201.    In response, plaintiff's counsel was furnished with a copy of the same illegible and incomplete City of Philadelphia Crash report previously furnished on May 18, 2017.

202.    As set forth in the illegible copy of Philadelphia Crash Report on page AA 500 5, ***Exhibit E***, given the severity of Bailey McKenna's injuries and the involvement of a City of Philadelphia Police Officer in the collision, the Crash Investigation Division (CID) arrived on scene after the collision to investigate the incident.

203.    As early as October 31, 2017, plaintiff's counsel made numerous unsuccessful attempts to obtain copies of the Crash Investigation Division's Report of the collision from the City of Philadelphia Crash Investigation Division, specifically CID Officer Wood and CID Officer Wood's supervisor, however plaintiff's counsel was given numerous excuses with varying explanations as to why the Crash Investigation Report was unavailable and could not be furnished including, the matter was subject to an "ongoing investigation" more than one full year after the

crash, that the Report was being amended and plaintiff's counsel's request for the Crash

Investigation Report must be addressed to the City of Philadelphia Police Department's attorneys,

or that the Crash Investigation Report could not be furnished to plaintiff's counsel and "must be

obtained by subpoena" after the filing of a lawsuit.

204.    Despite the fact that defendants, Police Commissioner, Richard Ross, Jr., and the

City of Philadelphia Police Department, knew or should have known that Bailey Francis McKenna

was severely injured and killed as a result of the improper and unlawful use of deadly force, said

defendants failed to timely prepare, issue, finalize and/or supply a copy of the crash investigation

report containing the findings and/or results of their investigation.

205.    Shortly after the death of Bailey Francis McKenna, through a consistent pattern and

practice of condoning its police officers' pervasive misconduct and abuse of authority, defendants,

Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department,

continued in their deliberate attempt to cover-up the facts and circumstances surrounding the

deadly and illegal seizure of Bailey Francis McKenna by creating the impression, through "leaks"

and other statements that Defendant Wolk, Police Officers John Does 1-15, and/or Police Officers

Jane Does 1-15 were acting properly and legally even though such representations made by

Commissioner Ross and/or representative of the City of Philadelphia Police Department, in this

regard, were knowingly false and/or misleading.

206.    The misleading leaks, withholding of information, and/or selective release of data

and information surrounding the fatal crash and incident surrounding Defendant Wolk's overt use

of excessive and unlawful force in seizing Bailey Francis McKenna which collectively suggest the

fatal event was merely an *accident* caused by plaintiff's decedent and through no fault, reckless

disregard, or malice of defendants, were orchestrated in an attempt to justify the indefensible

actions of Defendant Wolk, Police Officers John Does 1-15 and/or Jane Does 1-15, all while knowing that such representations and details were blatantly false or misleading.

207.    As set forth above, defendants, Police Commissioner, Richard Ross, Jr., and the City of Philadelphia Police Department, have refused to supply plaintiff with the police report and other investigative materials surrounding the subject incident and the investigation conducted in connection therewith. It is alleged that this refusal to supply information to Plaintiff is a conspiracy to cover up the violations of Plaintiff decedent's Fourth and Fourteenth Amendment Civil Rights and that said conspiracy was a result of the policies and customs of the City of Philadelphia Police Department.

208.    Pursuant to Pennsylvania Code 42 Pa. C.S. §8302 ("the Survival Act"), plaintiff's decedent, Bailey Francis McKenna's right of action and the claims against the Defendants named herein survives in favor of Liam Patrick McKenna, the legal representative of the deceased.

209.    Plaintiff, Liam Patrick McKenna, herein demands all damages recoverable under the Survival Act, including damages for funeral and medical expenses and conscious pain and suffering as well as any other damages recoverable under the Survival Act.

210.    Plaintiff's decedent is survived by his mother, Genevie Gleason.

211.    As the Administrator of Baily Francis McKenna's Estate, Patrick Liam McKenna, brings this action on behalf of the survivors of the Decedent pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.§9301.

212.    Plaintiff's Decedent did not bring an action for his personal injuries during his life time and no other action for the Decedent has been commenced against the Defendants. As a result of the death of Bailey McKenna, his survivors have suffered and incurred substantial pecuniary losses of contributions, earnings, services, maintenance, aid association, support, guidance,

protection, comfort, care, society, and consortium they would have received for the rest of his natural life, as well as the medical expenses for which damages are demanded.

213.    Plaintiff, Liam Patrick McKenna, is empowered to bring this action to claim all permissible damages and losses pursuant to the Wrongful Death Act, including the pecuniary losses incurred by the Bailey McKenna's survivors, by reason of Bailey McKenna's death, as well as reimbursement of all medical expenses, funeral expenses, administration expenses, and other expenses incurred therewith, and claims the full measure of damages permitted under the Wrongful Death Act, 42 Pa.C.S. §9301.

WHEREFORE, Plaintiff, Patrick Liam McKenna, as the Administrator of the Estate of Bailey Francis McKenna, deceased, demands judgment against all defendants, individually and/or jointly and severally, for compensatory and punitive damages in excess of $150,000.00 and local arbitration limits, together with interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that:

a.  This Court grant Plaintiff compensatory damages according to proof.

b.  This Court grant Plaintiff nominal damages.

c.  This Court grant Plaintiff punitive damages.

d.  This Court award Plaintiff attorney's fees, costs, and expenses related to this action.

e.  This Court grant injunctive relief to correct government procedure to prevent future injury.

f.  This Court award Plaintiff all such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

Respectfully submitted,

**MESSA & ASSOCIATES**

BY: _____
Angelo M. Theodosopoulos, Esquire
Joseph L. Messa, Jr., Esquire
Attorneys for Plaintiff
Dated:

# EXHIBIT "A"

H105.305 REV (9/11)

# LOCAL REGISTRAR'S CERTIFICATION OF DEATH
### WARNING: It is illegal to duplicate this copy by photostat or photograph.

Fee for this certificate, $6.00



This is to certify that the information here given is correctly copied from an original Certificate of Death duly filed with me as Local Registrar. The original certificate will be forwarded to the State Vital Records Office for permanent filing.

*Cynthia Zengolewicz*

OCT 3 0 2017

**P 24530895**

Certification Number

Local Registrar                Date Issued

COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS

Type/Print in Permanent Black Ink

## CERTIFICATE OF DEATH

State File Number: **326393-2017**

| 1. Decedent's Legal Name (First, Middle, Last, Suffix) | 2. Sex | 3. Social Security Number | 4. Date of Death (Month dd, yyyy) |
|---|---|---|---|
| Bailey Francis McKenna | Male | | September 24, 2017 |

| 5a. Age-Last Birthday (Yrs) | 5b. Under 1 Year | | 5c. Under 1 Day | | 6. Date of Birth (Mo/Day/Year) (Spell Month) | 7a. Birthplace (City and State or Foreign Country) |
|---|---|---|---|---|---|---|
| 10 | Months | Days | Hours | Minutes | Philadelphia, Pennsylvania | Philadelphia, Pennsylvania |

7. Birthplace (County): Philadelphia

| 8a. Residence (State or Foreign Country) | 8b. Residence (Street and Number - Include Apt No.) | 8c. Did Decedent Live in a Township? |
|---|---|---|
| Pennsylvania | | ___twp. |

8d. Residence (County): Philadelphia

8e. Residence (Zip Code): 19136

8f. ☒No, decedent lived within limits of Philadelphia ___city/boro.

| 9. Ever in US Armed Forces? ☐Yes ☒No | 10. Marital Status at Time of Death ☐Married ☐Divorced ☒Never Married | ☐Widowed ☐Unknown | 11. Surviving Spouse's Name (If wife, give name prior to first marriage) |
|---|---|---|---|

| 12. Father / Parent's Name (First, Middle, Last, Suffix) | 13. Mother / Parent's Name Prior to First Marriage (First, Middle, Last, Suffix) |
|---|---|
| Patrick McKenna | Genevieve Gleason |

| 14a. Informant's Name | 14b. Relationship to Decedent | 14c. Informant's Mailing Address (Street and Number, City, State, Zip Code) |
|---|---|---|
| Genevieve Gleason | Mother | |

15a. Place of Death (Check only one)

If Death Occurred in a Hospital: ☐Inpatient ☒Emergency Room/Outpatient ☐Dead on Arrival
If Death Occurred Somewhere Other Than a Hospital: ☐Hospice Facility ☐Nursing Home/Long-Term Care Facility ☐Other (specify) ☐Decedent's Home

| 15b. Facility Name (If not institution, give street and number) | 15c. City or Town, State, and Zip Code | 15d. County of Death |
|---|---|---|
| Nazareth Hospital | Philadelphia, Pennsylvania 19152 | Philadelphia |

| 16a. Method of Disposition ☒Burial ☐Cremation ☐Removal from State ☐Donation ☐Other (Specify) | 16b. Date of Disposition September 30, 2017 | 16c. Place of Disposition (Name of cemetery, crematory, or other place) Resurrection Cemetery - Bensalem |
|---|---|---|

| 16d. Location of Disposition (City or Town, State, and Zip) | 17a. Signature of Funeral Service Licensee or Person in Charge of Interment | 17b. License Number |
|---|---|---|
| Bensalem, Pennsylvania 19020 | *Lisa Burns Campbell (Electronically Signed)* | FD014145L |

17c. Name and Complete Address of Funeral Facility Burns Funeral Home (Frankford Ave)
9708 Frankford Avenue Philadelphia, Pennsylvania 19114

18. Decedent's Education - Check the level that best describes the highest degree or level of school completed at the time of death.
☐ 8th grade or less
☐ No diploma, 9th - 12th grade
☒ High school graduate or GED completed
☐ Some college credit, but no degree
☐ Associate degree (e.g. AA, AS)
☐ Bachelor's degree (e.g. BA, AB, BS)
☐ Master's degree (e.g. MA, MS, MEng, MEd, MSW, MBA)
☐ Doctorate (e.g. PhD, EdD) or Professional degree (e.g. MD, DDS, DVM, LLB, JD)

19. Decedent of Hispanic Origin - Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if decedent is not Spanish/Hispanic/Latino.
☒ No, not Spanish/Hispanic/Latino
☐ Yes, Mexican, Mexican American, Chicano
☐ Yes, Puerto Rican
☐ Yes, Cuban
☐ Yes, other Spanish/Hispanic/Latino
___(specify)___

20a. Decedent's Race - Check ONE OR MORE races to indicate what the decedent considered himself or herself to be.
☒ White
☐ Black or African American
☐ American Indian or Alaska Native
☐ Asian Indian
☐ Chinese
☐ Filipino
☐ Japanese
☐ Korean
☐ Vietnamese
☐ Other Asian
☐ Native Hawaiian
☐ Guamanian or Chamorro
☐ Samoan
☐ Other Pacific Islander
☐ Other (Specify)

21. Decedent's Single Race Self-Designation - Check ONLY ONE to indicate what the decedent considered himself or herself to be.
☒ White
☐ Black or African American
☐ American Indian or Alaska Native
☐ Asian Indian
☐ Chinese
☐ Filipino
☐ Japanese
☐ Korean
☐ Vietnamese
☐ Other Asian
☐ Native Hawaiian
☐ Guamanian or Chamorro
☐ Samoan
☐ Other Pacific Islander
☐ Refused
☐ Other (Specify)
☐ Don't Know/Not Sure

22a. Decedent's Usual Occupation - Indicate type of work done during most of working life. DO NOT USE RETIRED.
High School

22b. Kind of Business/Industry
Student

ITEMS 23a - 34 MUST BE COMPLETED BY PERSON WHO PRONOUNCES OR CERTIFIES DEATH

| 23a. Date Pronounced Dead (Mo/Day/Yr) | 23b. Signature of Person Pronouncing Death (only when applicable) | 23c. License Number |
|---|---|---|
| September 24, 2017 | Prasoonkumar Yendiuri MD | MD459886 |

| 23d. Date Signed (Mo/Day/Yr) September 24, 2017 | 24. Time of Death :08:10 PM | 25. Was Medical Examiner or Coroner Contacted? ☒Yes ☐No |
|---|---|---|

## CAUSE OF DEATH

26. Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line. Add additional lines if necessary

| | | Approximate Interval: Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | Complications of Blunt Impact Injuries to the Head        Due to (or as a consequence of): | Unknown |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. | Due to (or as a consequence of):        Due to (or as a consequence of): | |

26. Part II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in Part I

27. Was an autopsy performed? ☒Yes ☐No
27a. Were autopsy findings available to complete the cause of death? ☐Yes ☐No

| 29. If Female: ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past year | 30. Did Tobacco Use Contribute to Death? ☐Yes ☐Probably ☐No ☒Unknown | 31. Manner of Death ☐Natural ☒Accident ☐Suicide ☐Homicide ☐Pending Investigation ☐Could not be determined |
|---|---|---|

32. Date of Injury (Mo/Day/Yr) (Spell Month): November 16, 2016
33. Time of Injury: Unrecorded

| 34. Place of Injury (e.g. home, construction site; farm; school) Street/Highway | 35. Location on Injury (Street and Number, City, State, Zip Code) 5900 Torresdale Avenue Philadelphia, PA 19136 |
|---|---|

36. Injury at Work ☐Yes ☒No
37. If Transportation Injury, Specify: ☒Driver/Operator ☐Passenger ☐Pedestrian ☐Other (Specify)
37a. Describe How Injury Occurred: Motorcycle striking a vehicle

39a. Certifier - physician, certified registered nurse practitioner, physician assistant, medical examiner/coroner (Check only one):
☐ Certifying only - To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☒ Pronouncing & Certifying - To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner stated.
☒ Medical Examiner/Coroner - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated.

| Signature of certifier: *Victoria Sorokin MD (Signature on File)* | Title of certifier: ME/Coroner | License Number: MD454693 |
|---|---|---|

| 39b. Name, Address and Zip Code of Person Completing Cause of Death (Item 26) Victoria Sorokin 321 S University Avenue Philadelphia, PA 19104 | 39c. Date Signed (Mo/Day/Yr) October 27, 2017 |
|---|---|

| 40. Registrar's District Number 09-102 | 41. Registrar's Signature *Cynthia Zengolewicz (Signature on File)* | 42. Registrar File Date (Mo/Day/Yr) September 26, 2017 |
|---|---|---|

43. Amendments

## State Use Only

Disposition Permit No. E16589

H105-143
REV 09/2017-5

NAME OF DECEDENT: Bailey Francis McKenna

To Be Completed/Verified By: ORIGINAL DIRECTOR / ALSO USED / To Be Completed By MEDICAL CERTIFIER



# EXHIBIT "B"

# Office of the Register of Wills of Philadelphia County, Pennsylvania

**File #: A4824-2017**

**Commonwealth of Pennsylvania**

**County of Philadelphia**

} ss.

**I, RONALD R. DONATUCCI, ESQUIRE**, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania

DO HEREBY CERTIFY AND MAKE KNOWN That on the _____14th_____ day of _December_____

in the year of our Lord___2017_____         **LETTERS OF ADMINISTRATION**_____

on the Estate of__**Bailey Francis McKenna**_____

Deceased, were granted unto __**Liam Patrick McKenna**_____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Date of death_____**9/24/2017**_____

Given under my hand and seal of office, this__**14th**___ day of__**December**_____, 20_**17**___

*Deputy Register*



**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 3/08)

# EXHIBIT "C"



The Philadelphia Courts
First Judicial District of Pennsylvania

HOME    CONTACT US    COURTS OF THE DISTRICT ▾    JURY SERVICE ▾    ONLINE SERVICES ▾    SEARCH COURT RECORDS ▾

**Notice: All courts will be closed on Monday, September 3, 2018 in observance of LABOR DAY, except Municipal Court's Arraignment Court, Bail Acceptance and the filing of Emergency Protection from Abuse Petitions at the Stout Center for Criminal Justice, 1301 Filbert St.**

**Notice:** As part of our ongoing effort to provide our visitors with the best experience possible, we're preparing to launch the next generation of our website. Please note this site (http://www.philacourts.us) is a Beta version of the new Philadelphia Courts website that is still undergoing final testing before its official release.

Municipal Court    Criminal Division    New Criminal Filings    Name Search

Enter the Defendant's Name*
(Example: Smith, John)          McKenna, Bailey          Search    Reset

*Aliases will not be displayed*

No records found. Please try again.

🏠    Municipal Court    Criminal Division    New Criminal Filings    Name Search

External sites open in new window, not endorsed by The First Judicial District of Pennsylvania    About Us | Site Map | Contact Us | Twitter | Facebook

Copyright © 2018 First Judicial District of Pennsylvania All rights reserved.



# The Philadelphia Courts
## First Judicial District of Pennsylvania

HOME    CONTACT US    COURTS OF THE DISTRICT ▾    JURY SERVICE ▾    ONLINE SERVICES ▾    SEARCH COURT RECORDS ▾

**Notice:** All courts will be closed on Monday, September 3, 2018 in observance of LABOR DAY, except Municipal Court's Arraignment Court, Bail Acceptance and the filing of Emergency Protection from Abuse Petitions at the Stout Center for Criminal Justice, 1301 Filbert St.

**Notice:** As part of our ongoing effort to provide our visitors with the best experience possible, we're preparing to launch the next generation of our website. Please note this site (http://www.philacourts.us) is a Beta version of the new Philadelphia Courts website that is still undergoing final testing before its official release.



Municipal Court    Criminal Division    New Criminal Filings    Name Search

**Enter the Defendant's Name***
(Example: Smith, John)

McKenna, Bailey Francis    [ Search ]    [ Reset ]

* Aliases will not be displayed

No records found. Please try again.

🏠    Municipal Court    Criminal Division    New Criminal Filings    Name Search

🗐 External sites open in new window, not endorsed by The First Judicial District of Pennsylvania    About Us | Site Map | Contact Us | Twitter | Facebook

Copyright © 2018 First Judicial District of Pennsylvania. All rights reserved.



No Items in Cart 

**Person/Company Name Search Results**

A $5 Convenience fee will be added to the transaction at checkout.

▶ Home    ▶ New Search

**Phonetic Search:** off    **Last Name:** McKenna    **First Name:** Bailey    **Middle Name:** F

*No records found.*

    

User Accepts/Agrees to Disclaimer. Not for official use.

# EXHIBIT "D"

Joseph L. Messa, Jr. ●■
Richard J. Heleniak, ●○
Irene M. McLafferty ■
Lee D. Rosenfeld ◊
Thomas N. Sweeney ■
Jenimae Almquist ■
Suzanne H. dePillis ■
Justin L. Groen ■
Ramon A. Arreola ■
Brett M. Furber ■
Angelo Theodosopoulos ■
Megan M. Kwak ■
Jennifer Gomez Hardy ■
Ashley B. DiLiberto △

Counsel to the firm:
Brett Batoff ★
John Mininno ●′
Noelle L. Palazzo ■
Anastasia Buccino-Roth ■
Steven A. Friedman, M.D., F.A.C.P. ✕ ★
Joanna B. Seidman ★

# Messa & Associates
TRIAL ATTORNEYS WITH A REPUTATION FOR RESULTS

123 South 22nd Street
Philadelphia, PA 19103
p 215.568.3500
f 215.568.3501
toll free 877MESSALAW

PLEASE DIRECT ALL PA CORRESPONDENCE
TO THE ABOVE ADDRESS

■ Admitted to PA & NJ Bars
◊ Admitted to PA, NJ, & GA Bars
△ Admitted to DE Bar
★ Admitted to PA Bar Only
● ABPLA Certified Medical Malpractice Attorney
○ National Board of Trial Advocacy
Certified Civil Trial Attorney
′NJ Certified Civil Trial Attorney
✕ LLM in Healthcare Law

May 15, 2017

atheodosopoulos@messalaw.com

Dear Sir/Madam:

      Please be advised that this law firm has been retained by William McKenna to investigate a potential civil action stemming from a chase and collision incident. To that end, kindly provide our investigator, William Everman, with a copy of the police and/or investigative report generated in connection with the above-referenced assault incident. A copy of my business card and driver's license are enclosed with this correspondence for your personal records.

      Please do not hesitate to contact me if you should have any further question. My direct line is 215 940 7709. Thank you.

Very truly yours,

Angelo M. Theodosopoulos, Esquire

AMT:dkp
Enc.

6000 Germantown Ave.
Philadelphia, PA 19144
p 215.844.1614
f 888.960.3501

309 Wyoming Ave.
Pittston, PA 18643
p 570.883.0800
f 888.960.3501

923 Fayette St.
Conshohocken, PA 19246
p 215.940.7700
f 888.960.3501

2091 Springdale Rd, Suite 2
Cherry Hill, NJ 08003
p 856.810.9500
f 856.810.9918

475 White Horse Pike
Collingswood, NJ 08107
p 877.637.7252
f 888.960.3501

605 New Road
Linwood, NJ 08221
p 609.601.1644
f 888.960.3501

520 West First Ave
Roselle, NJ 07203
p 908.330.3900
f 888.960.3501

www.messalaw.com





Messa & Associates                    www.messalaw.com

Angelo Theodosopoulos
*Attorney at Law*                      atheodosopoulos@messalaw.com

123 South 22nd Street                  2091 Springdale Road, Suite 2
Philadelphia, PA 19103                 Cherry Hill, NJ 08003
p 215.568.3500                         p 856.810.9500
f 215.568.3501                         f 856.810.9918

# EXHIBIT "E"

**COMMONWEALTH OF PENNSYLVANIA**
**POLICE CRASH REPORTING FORM**

Crash Number

P 1492313

**AA 500 1**

Case Closed: ☐ Yes  ☐ No
Reportable Crash: ☑ Yes  ☐ No
Page: 0 1

## Police Agency Data

Incident Number: 2 0 1 6 - 1 5 - 1 1 0 9 5 0
Police Agency: 6 7 3 0 1
Patrol Zone: 2

Agency Name: Philadelphia Police
Precinct: 15th
Investigation Date (MM-DD-YYYY): 11-14-2016

Dispatch Time (mil): 1648
Arrival Time (mil): 1655
Investigator: P/O M. Smith
Badge Number: 4414

Reviewer:
Badge Number:
Approval Date (MM-DD-YYYY):

## Crash Data

County: 67
County Name: Philadelphia
Municipality: 301
Municipality Name: Philadelphia

Day of Week: ☐ Sun ☐ Thu / ☑ Mon ☐ Fri / ☐ Tue ☐ Sat / ☐ Wed ☐ Unk

Crash Date (MM-DD-YYYY): 11-14-2016
Crash Time (mil): 1647
No of Units: 02
People: 03
Injured: 02
Killed*: 00
*If > 00 complete Form F

Workzone (If Yes, Complete Form M, Section 29): ☐ Yes ☑ No
School Bus Related: ☐ Yes ☑ No
School Zone Related: ☐ Yes ☑ No
Notify PENNDOT Maintenance: ☐ Yes ☑ No

## Loc Type

Intersection Type: ☐ 4 Way Intersection  ☐ "Y" Intersection  ☐ Multi-Leg Intersection  ☐ Off Ramp  ☐ Railroad Crossing
☐ Midblock  ☐ "T" Intersection  ☐ Traffic Circle/Round About  ☐ On Ramp  ☐ Crossover  ☑ Other

*Special Location: 0 0
* See Overlay

## Principal Road

Route Number:
Segment (Optional):
Travel Lanes:
Speed Limit: ini

Orientation: ☑ North ☐ South ☐ East ☐ West ☐ Unknown

House Number (If applicable):
For Mid-block crashes only. Use postal House Number and make sure Principal Roadway Street Name is filled in if you use this option.

Street Name: Torresdale
Street Ending: AV

Route Signing: ☐ Interstate (Not Turnpike)  ☐ Turnpike (East/West)  ☐ Turnpike Spur  ☐ State Highway  ☐ County Road  ☑ Local Road or Street  ☐ Private Road  ☐ Other/Unknown

## Intersecting Road

Route Number:
Segment (Optional):
Travel Lanes:
Speed Limit:

Orientation: ☐ North ☑ South ☐ East ☐ West ☐ Unknown

Street Name: Howell
Street Ending: ST

Route Signing: ☐ Interstate (Not Turnpike)  ☐ Turnpike (East/West)  ☐ Turnpike Spur  ☐ State Highway  ☐ County Road  ☑ Local Road or Street  ☐ Private Road  ☐ Other/Unknown

## Distance From Landmark

Use For Intersection Crashes

Please Enter information for BOTH Landmarks if Using This Option. Use For Mid - Block Crashes

**Landmark 1**
Intersecting Rt Num Or Mile Post:
Or Segment Marker:
Or Intersecting Street Name:
St Ending:

Ramp Use Only: ☐ North ☐ South ☐ East ☐ West

Feet:
Or Miles:

**Landmark 2**
Intersecting Rt Num Or Mile Post:
Or Segment Marker:
Or Intersecting Street Name:
St Ending:

Ramp Use Only: ☐ North ☐ South ☐ East ☐ West

Distance From Crash Scene to Landmark 1 (For Crash between Landmark 1 and Landmark 2)

## GPS

Latitude: Degrees __ Minutes __ Seconds __
Longitude: - Degrees __ Minutes __ Seconds __

## TCD

Traffic Control Device:
☑ Not Applicable  ☐ Yield Sign  ☐ Police Officer or Flagman
☑ Traffic Signal  ☐ Active RR Crossing Controls  ☐ Other Type TCD
☐ Flashing Traffic Signal  ☐ Stop Sign  ☐ Passive RR Crossing Controls  ☐ Unknown

TCD Functioning:
☐ No Controls  ☐ Device Functioning Improperly  ☐ Emergency Preemptive Signal
☐ Device Not Functioning  ☐ Device Functioning Properly  ☐ Unknown

## Lane Closure

Lane Closed (If "Not Applicable", skip rest of the Lane Closure section):
☐ Not Applicable  ☐ Partially  ☑ Fully  ☐ Unknown

Lane Closure Direction: ☐ North  ☐ East  ☐ North and South  ☐ All (N,S,E,W)  ☐ South  ☐ West  ☐ East and West

Traffic Detoured: Yes ☑  No ☐  Unknown ☐
Esti. Time Closed: ☐ < 30 Min.  ☐ 30-60 Min.  ☑ 1-3 hrs  ☐ 3-6 hrs  ☐ 6-9 hrs  ☐ > 9 hours  ☐ Unknown

FORM # AA-500 (12/02)
PENNDOT COPY

**COMMONWEALTH OF PENNSYLVANIA**
**POLICE CRASH REPORTING FORM**

Page: [0] [2]

Crash Number

P 1492313

AA 500 2    Police Use Only

## Unit Info

**Type Unit**
- ☒ Motor Vehicle in Transport
- ☐ Pedestrian
- ☐ Hit & Run Vehicle
- ☐ Pedestrian on Skates, in Wheelchair, etc
- ☐ Illegally Parked
- ☐ Disabled From Previous Crash
- ☐ Legally Parked
- ☐ Train
- ☐ Non - Motorized
- ☐ Phantom Vehicle

**Commercial Vehicle**
- ☐ Yes
- ☒ No

(if "Pedestrian" or "Pedestrian on Skates, in Wheelchair, etc", Complete Form M, Section 28)

(if Yes, Complete Form C)

## Vehicle Driver / Pedestrian Information

**Unit No** [0] [1]  **First Name** Bailey  **MI** [ ]  **Date of Birth (MM-DD-YYYY)**

Delete? [ ]  **Last Name** McKenna  **Telephone Number** Unknown

**Address / City / State** ▮▮▮▮▮ Phila PA  **Zip** [1][9][1][1]

**Driver License Number** ▮▮▮▮▮▮  **State** [ ]  **Class** [ ]

**Alcohol/Drugs Suspected**
- ☒ No
- ☐ Alcohol
- ☐ Illegal Drugs
- ☐ Alcohol and Drugs
- ☐ Medication
- ☐ Unknown

**Driver or Pedestrian Physical Condition**
- ☒ Apparently Normal
- ☐ Had Been Drinking
- ☐ Illegal Drug Use
- ☐ Sick
- ☐ Fatigue
- ☐ Asleep
- ☐ Medication
- ☐ Unknown

**Alcohol Test Type**
- ☒ Test Not Given
- ☐ Blood
- ☐ Breath
- ☐ Urine
- ☐ Other
- ☐ Unknown if Test Given

**Primary Vehicle Code Violation** [_____]

**Charged?**
- ☐ Yes
- ☐ No

**Alcohol Test Results** [0] . [ ]
- ☐ Test Refused
- ☐ Test Given, Contaminated Results
- ☐ Unknown Results

**Driver Presence**
1=Driver Operated Vehicle
2=No Driver
3=Driver Fled Scene
4=Hit and Run
9=Unknown

**Owner/Driver** [9][9]
00=Not Applicable
01=Private Vehicle Owned/Leased by Driver
02=Private Vehicle Not Owned/Leased by Driver
03=Rented Vehicle
04=State Police Vehicle
05=PENNDOT Vehicle
06=Other State Gov Veh
07=Municipal Police Veh
08=Other Municipal Government Vehicle
09=Federal Gov Veh
98=Other
99=Unknown

## Vehicle Information

Same as Driver ☐  **Owner First Name** [ ]  **Owner Last Name or Business Name (if Pedestrian, skip this Section)** [ ]

**Address / City / State / Zip** [ ]  **Vehicle Make** Honda  **Make Code** [3][1][7] (see overlay)

**VIN** [ ]  **Model Year** [ ]  **Vehicle Model** CRX50

**License Plate** [ ]  **Reg. State** [ ]  **Est. Speed** [ ]  **Vehicle Towed** ☒ Yes ☐ No  **Towed By** Police Tow

**Insurance** ☐ Yes ☐ No ☒ Unknown  **Insurance Company** Unknown  **Policy No** Unknown

**Trailing Unit** **No. of Trailing Units:** [ ]  **Type Unit** [ ]
1=Towing Pass. Veh
2=Towing Truck
3=Towing Utility Trailer
4=Mobile/Modular Home
5=Camper
6=Full Trailer
7=Semi-Trailer
8=Other
9=Unknown
**Tag No** [ ]  **Tag Year** [ ]  **Tag St** [ ]

**Direction of Travel** N  **Vehicle Position** [0][1]  **Movement** [ ][ ]  **See Overlay**  **Special Usage** [0][0]

**Vehicle Color** [0][2]
01=Blue
02=Red
03=White
04=Green
05=Black
06=Yellow
07=Silver
08=Gold
09=Brown
10=Orange
11=Purple
12=Other
99=Unknown

**Vehicle Type** [0][2]
01=Automobile
02=Motorcycle
03=Bus
04=Small Truck
(If "02", Complete Form M, Section 26)
(If "20" or "21", Complete Form M, Section 27)
05=Large Truck
06=SUV
07=Van
10=Snowmobile
11=Farm Equip
12=Construction Equip
13=ATV
18=Other Type Spec Veh
19=Unk. Type Spec Veh
20=Unicycle, Bicycle, Tricycle
21=Other Pedalcycle
22=Horse & Buggy
23=Horse & Rider
24=Train
25=Trolley
99=Unknown

**Special Usage**
00=Not Applicable
01=Fire Veh
02=Ambulance
03=Police
08=Other Emergency Vehicle
11=Pupil Transport
12=Commercial Passenger Carrier
13=Taxi
21=Tractor Trailer
22=Twin Trailer
23=Triple Trailer
31=Modified Veh
99=Unknown

**Initial Impact Point** [ ][ ]
00=Non-Collision
14=Undercarriage
15=Towed Unit

**Damage Indicator** [ ]
0=None
1=Minor
2=Functional
3=Disabling

**Gradient** [ ]
1=Level

**Road Alignment** A1[0]
1=Straight
2=Curved

3=Downhill
4=Bottom of Hill
5=Top of Hill

Fax 215-685-3183    Nov 15 2016 08:14pm    P002/006

AID
Fax 215-685-3183    Nov 15 2016 06:28pm P003/006

**COMMONWEALTH OF PENNSYLVANIA**
**POLICE CRASH REPORTING FORM**

Crash Number

AA 500 2    | Police Use Only

Page: 0 3

P 1492313

---

**Unit Info**

**Type Unit**
- ☒ Motor Vehicle in Transport
- ○ Pedestrian
- ○ Hit & Run Vehicle
- ○ Pedestrian on Skates, in Wheelchair, etc
- ○ Illegally Parked
- ○ Disabled From Previous Crash
- ○ Legally Parked
- ○ Train
- ○ Non - Motorized
- ○ Phantom Vehicle

(If "Pedestrian" or "Pedestrian on Skates, in Wheelchair, etc", Complete Form M, Section 28)

**Commercial Vehicle**
○ Yes    ☒ No
(If Yes, Complete Form C)

---

**Vehicle Driver / Pedestrian Information**

Unit No: 0 2    First Name: Joseph    MI: ___    Date of Birth (MM-DD-YYYY): ▓▓▓▓▓▓▓▓▓▓

Delete? ___    Last Name: Nolk    Telephone Number: (85) 686-3103

Address / City / State: ▓▓▓▓▓▓▓▓▓▓▓    Zip: ___

Driver License Number: ▓▓▓▓▓▓▓▓▓    State: PA    Class: C/M

**Alcohol/Drugs Suspected**
- ☒ No
- ○ Alcohol
- ○ Illegal Drugs
- ○ Alcohol and Drugs
- ○ Medication
- ○ Unknown

**Driver or Pedestrian Physical Condition**
- ☒ Apparently Normal
- ○ Had Been Drinking
- ○ Illegal Drug Use
- ○ Sick
- ○ Fatigue
- ○ Asleep
- ○ Medication
- ○ Unknown

**Alcohol Test Type**
- ☒ Test Not Given
- ○ Blood
- ○ Breath
- ○ Urine
- ○ Other
- ○ Unknown if Test Given

**Primary Vehicle Code Violation:** ___

Charged? ○ Yes ○ No

**Alcohol Test Results:** 0 . ___ ___
- ○ Test Refused
- ○ Test Given, Contaminated Results
- ○ Unknown Results

**Driver Presence:** ___
1=Driver Operated Vehicle
2=No Driver
3=Driver Fled Scene
4=Hit and Run
9=Unknown

**Owner/Driver:** 0 7
00=Not Applicable
01=Private Vehicle Owned/ Leased by Driver
02=Private Vehicle Not Owned/Leased by Driver
03=Rented Vehicle
04=State Police Vehicle
05=PENNDOT Vehicle
06=Other State Gov Veh
07=Municipal Police Veh
08=Other Municipal Government Vehicle
09=Federal Gov Veh
98=Other
99=Unknown

---

**Vehicle Information**

Same as Driver ○    Owner First Name: ___    Owner Last Name or Business Name (If Pedestrian, skip this Section): City of Phila

Address / City / State / Zip: Phila / PA / 19110    Vehicle Make: Ford    *Make Code: 1 ▢

VIN: 1FMSK8AR5GGB43485    Model Year: 2016    Vehicle Model: Explorer    (see overlay)

License Plate: MG16455    Reg. State: ___    Est. Speed: ___    Vehicle Towed: ☒ Yes ○ No    Towed By: Police

**Insurance:** ☒ Yes ○ No ○ Unknown    Insurance Company: Self Insured    Policy No: ___

**Trailing Unit**    No. of Trailing Units: 0    **Type Unit:** ___
1=Towing Pass. Veh
2=Towing Truck
3=Towing Utility Trailer
4=Mobile/Modular Home
5=Camper
6=Full Trailer
7=Semi-Trailer
8=Other
9=Unknown

Tag No: ___    Tag Year: ___    Tag St: ___

**Direction of Travel:** 5    **Vehicle Position:** 0 1    **Movement:** 1 2    **See Overlay**    **Special Usage:** 0 3

**Vehicle Color:** 0 3
01=Blue
02=Red
03=White
04=Green
05=Black
06=Yellow
07=Silver
08=Gold
09=Brown
10=Orange
11=Purple
12=Other
99=Unknown

**Vehicle Type:** 0 6
01=Automobile
02=Motorcycle
03=Bus
04=Small Truck
05=Large Truck
06=SUV
07=Van
10=Snowmobile
11=Farm Equip
12=Construction Equip.
13=ATV
18=Other Type Spec Veh
20=Unicycle, Bicycle, Tricycle
21=Other Pedalcycle
22=Horse & Buggy
23=Horse & Rider
24=Train
25=Trolley
98=Other
99=Unknown

(If "02", Complete Form M, Section 26)
(If "20" or "21", Complete Form M, Section 27)

**Special Usage:**
00=Not Applicable
01=Fire Veh
02=Ambulance
03=Police
08=Other Emergency Vehicle
09=Pupil Transport
12=Commercial Passenger Carrier
13=Taxi
21=Tractor Trailer
22=Twin Trailer
23=Triple Trailer
31=Modified Veh
99=Unknown

**Initial Impact Point:** 0 2
00=Non-Collision
01-12=Clock Points
13=Top
14=Undercarriage
15=Towed Unit
99=Unknown

**Damage Indicator:** ___
0=None
1=Minor
2=Functional
3=Disabling
9=Unknown

**Gradient:** 1
1=Level
2=Uphill
3=Downhill
4=Bottom of Hill
5=Top of Hill
9=Unknown

**Road Alignment:** ___
1=Straight
2=Curved
9=Unknown

# COMMONWEALTH OF PENNSYLVANIA
## POLICE CRASH REPORTING FORM

Crash Number

P 1492313

AA 500 5 | Police Use Only | Page 016



Diagram

→ Parked unattended Veh

Howell St

Torresdale Ave

N W E S

| Witness Name | Address | Phone |
|---|---|---|
| 1 Frank Phillips | | (267) 939-0285 |
| 2 | | |

Narrative and additional witnesses:  Accident Investigation Notification Issued? ● Property Damage ○

Police responded to an Auto Accident involving a City Police Veh. (11-14) Upon arrival police spoke with operator of Veh #2 that stated to police, that he cleared a group of dirt bikes from another area. A short time later the operator stated he was traveling S/B on Torresdale Ave. When he attempted to make a left onto Howell St. at that time Veh #1 made contact with the front passenger side Veh #2. The operator of Veh #1, as a result of the collision wound up laying on the street by the rear of the parked unattended. Medic 3D arrived on location transported the male to Aria Torresdale Hospital, is listed in critical condition being treated by ___cki.

___ner of Veh #2 was taken to Jeanes Hospital for his arm. (treated and released)

___ld for AID who arrived on location for further. AS arrived on location to process the scene. ___g, and Night command were all on location.

# COMMONWEALTH OF PENNSYLVANIA
## POLICE CRASH REPORTING FORM

Crash Number

**AA 500 1**

| Case Closed | Reportable Crash | Page | P 1492313  2734 |
|---|---|---|---|
| ○ Yes ○ No | ● Yes ○ No | 0 1 1 | |

**Police Agency Data**

Incident Number: 2 0 1 6 - 1 5 - 1 1 0 9 5 0

Police Agency: 6 7 3 0 1    Patrol Zone: 2

Agency Name: Philadelphia Police    Precinct: 15th

Investigation Date (MM-DD-YYYY): 11 - 14 - 2016

Dispatch Time (mil): 1648    Arrival Time (mil): 1655    Investigator: P/O M. Smith    Badge Number: 4414

Reviewer: _____    Badge Number: _____    Approval Date (MM-DD-YYYY): _____

**Crash Data**

County: 67    County Name: Philadelphia

Municipality: 301    Municipality Name: Philadelphia

Day of Week: ○ Sun ○ Mon ○ Tue ○ Wed | ○ Thu ○ Fri ○ Sat ○ Unk

Crash Date (MM-DD-YYYY): 11 - 14 - 2016    Crash Time (mil): 1647

No of Units: 02    People: 03    Injured: 02    Killed*: 00    *If > 00 complete Form F

Workzone (If Yes Complete Form M, Section 29): ○ Yes ● No    School Bus Related: ○ Yes ● No    School Zone Related: ○ Yes ● No    Notify PENNDOT Maintenance: ○ Yes ● No

**Loc Type**

Intersection Type:
○ Midblock    ○ 4 Way Intersection    ○ "Y" Intersection    ○ Multi-Leg Intersection    ○ Off Ramp    ○ Railroad Crossing
○ "T" Intersection    ○ Traffic Circle/Round About    ○ On Ramp    ○ Crossover    ○ Other

*Special Location: 0 0    * See Overlay

**Principal Road**

Route Number: _____    Segment (Optional): _____    Travel Lanes: _____    Speed Limit: _____

Orientation: ● North ○ South ○ East ○ West ○ Unknown

Street Name: Torresdale    Street Ending: Av

House Number (if applicable): _____    For Mid-block crashes only. Use postal House Number and make sure Principal Roadway Street Name is filled in using this option

Route Signing: ○ Interstate (Not Turnpike) ○ Turnpike (East/West) ○ Turnpike Spur ○ State Highway ○ County Road ● Local Road or Street ○ Private Road ○ Other/Unknown

**Intersecting Road**

Route Number: _____    Segment (Optional): _____    Travel Lanes: _____    Speed Limit: _____

Orientation: ○ North ○ South ● East ○ West ○ Unknown

Street Name: Howell    Street Ending: St

Route Signing: ○ Interstate (Not Turnpike) ○ Turnpike (East/West) ○ Turnpike Spur ○ State Highway ○ County Road ● Local Road or Street ○ Private Road ○ Other/Unknown

**Distance From Landmark**

Please Enter Information for BOTH Landmarks if Using This Option

Landmark 1:
Intersecting Rt Num Or Mile Post: _____    Or Segment Marker: _____
Or Intersecting Street Name: _____    St Ending: _____
Ramp Use Only: ○ North ○ South ○ East ○ West
Feet: _____    Or Miles: _____

Landmark 2:
Intersecting Rt Num Or Mile Post: _____    Or Segment Marker: _____
Or Intersecting Street Name: _____    St Ending: _____
Ramp Use Only: ○ North ○ South ○ East ○ West

Distance From Crash Scene to Landmark 1 (For Crash between Landmark 1 and Landmark 2)

**GPS**

Latitude: ___ Degrees ___ Minutes ___ Seconds    Longitude: ___ Degrees ___ Minutes ___ Seconds

**TCD**

Traffic Control Device:
○ Not Applicable    ● Traffic Signal    ○ Yield Sign    ○ Active RR Crossing Controls    ○ Police Officer or Flagman    ○ Other Type TCD
○ Flashing Traffic Signal    ○ Stop Sign    ○ Passive RR Crossing Controls    ○ Unknown

TCD Functioning:
○ No Controls    ○ Device Functioning Improperly    ○ Emergency Preemptive Signal
○ Device Not Functioning    ● Device Functioning Properly    ○ Unknown

**Lane Closure**

Lane Closed (If "Not Applicable", skip rest of the Lane Closure section):
○ Not Applicable    ○ Partially    ● Fully    ○ Unknown

Lane Closure Direction: ○ North ○ East ○ North and South ○ All (N,S,E,W)    ○ South ○ West ○ East and West

Traffic Detoured: ○ Yes ● No ○ Unknown

Esti. Time Closed: ○ < 30 Min. ○ 30-60 Min. ○ 1-3 hrs ○ 3-6 hrs ○ 6-9 hrs ○ > 9 hours ○ Unknown

# EXHIBIT "F"

Joseph L. Messa, Jr. ▪●
Richard J. Heleniak, ▪○
Irene M. McLafferty ▪
Lee D. Rosenfeld ◊
Thomas N. Sweeney ▪
Jenimae Almquist ▪
Suzanne H. dePillis ▪
Justin L. Groen ▪
Ramon A. Arreola ▪
Brett M. Furber ▪
Angelo Theodosopoulos ▪
Megan M. Kwak▪
Jennifer Gomez Hardy▪
Ashley B. DiLiberto ∈

Counsel to the firm:
Brett Batoff ★
John Mininno ▪*
Noelle L. Palazzo ▪
Anastasia Buccino-Roth ▪
Steven A. Friedman, M.D., F.A.C.P. ✕ ★
Joanna B. Seidman ★

# Messa&Associates
TRIAL ATTORNEYS WITH A REPUTATION FOR RESULTS

123 South 22nd Street
Philadelphia, PA 19103
*p* 215.568.3500
*f* 215.568.3501
*toll free* 877MESSALAW

**PLEASE DIRECT ALL PA CORRESPONDENCE
TO THE ABOVE ADDRESS**

▪ Admitted to PA & NJ Bars
◊ Admitted to PA, NJ, & GA Bars
∈ Admitted to DE Bar
★ Admitted to PA Bar Only
● ABPLA Certified Medical Malpractice Attorney
○ National Board of Trial Advocacy
Certified Civil Trial Attorney
*NJ Certified Civil Trial Attorney
✕ LLM in Healthcare Law

December 11, 2017

**Via Regular Mail**
City of Philadelphia
Department of Records
Police and Fire Reports Unit
168 City Hall
Philadelphia, PA 19107

     *RE: Bailey McKenna*

To Whom It May Concern:

     I have enclosed an Application for Traffic Accident Report, Affidavit, check in the amount of $25.00 made payable to the City of Philadelphia and a self-addressed, stamped envelope regarding the above referenced individual. Please contact me if there are any issues with this request. Thank you.

     Very truly yours,
     */s/ Stephanie S. McDevitt*
     Stephanie S. McDevitt, Paralegal
     Direct Dial: 267-765-1638

Encl.

| 6000 Germantown Ave. | 309 Wyoming Ave. | 923 Fayette St. | 2091 Springdale Rd, Suite 2 | 475 White Horse Pike | 605 New Road | 520 West First Ave |
|---|---|---|---|---|---|---|
| Philadelphia, PA 19144 | Pittston, PA 18643 | Conshohocken, PA 19246 | Cherry Hill, NJ 08003 | Collingswood, NJ 08107 | Linwood, NJ 08221 | Roselle, NJ 07203 |
| *p* 215.844.1614 | *p* 570.883.0800 | *p* 215.940.7700 | *p* 856.810.9500 | *p* 877.637.7252 | *p* 609.601.1644 | *p* 908.330.3900 |
| *f* 888.960.3501 | *f* 888.960.3501 | *f* 888.960.3501 | *f* 856.810.9918 | *f* 888.960.3501 | *f* 888.960.3501 | *f* 888.960.3501 |

www.messalaw.com

CITY OF PHILADELPHIA • DEPARTMENT OF RECORDS
**APPLICATION FOR TRAFFIC ACCIDENT**
**REPORT OR PHOTOGRAPH**

DATE OF APPLICATION (PLEASE ALLOW 2 TO 3 WEEKS FROM DATE OF ACCIDENT)

*11-6- 2017*

NAME OF APPLICANT *Angelo M Theodosopoulos*

TELEPHONE NUMBER OF APPLICANT *215-568-3500*

ADDRESS *123 S. 22nd Street, Philadelphia PA 19123*
CITY        STATE        ZIP CODE

DATE OF ACCIDENT *11/14/2016*

LOCATION OF ACCIDENT *Intersection of Torresdale Av + Howell Street*

DATE ACCIDENT REPORTED TO POLICE

PERSON(S) INVOLVED *(DRIVER OF VEHICLE)* *Bailey McKenna*

YOUR CLAIM, POLICY OR FILE NUMBER *(OPTIONAL)*

PERSON(S) INVOLVED *(DRIVER OF VEHICLE, PEDESTRIAN, ETC.)*

DISTRICT CONTROL NUMBER *16-15-110950*

PHILADELPHIA CODE

ACCIDENT INVESTIGATION DIVISION NUMBER

THIS SPACE RESERVED FOR VALIDATION

| COPIES OF | FEE | NO. | APPLICANT'S FEE |
|---|---|---|---|
| ☒ TRAFFIC ACCIDENT REPORT | $25.00 EACH | *1* | $ *25.00* |
| ☐ PHOTOGRAPHS AVAILABLE FOR SUBJECT ACCIDENT | $27.00 FIRST PRINT | | $ |
| | $9.00 EACH ADD'L PRINT | | $ |
| **FEE NOT REFUNDABLE** | *MAIL **THIS** PORTION WITH APPROPRIATE FEE* | | TOTAL $ |

PLEASE SEND A SELF-ADDRESSED, STAMPED ENVELOPE.

IF YOU HAVE A DISABILITY AND REQUIRE AN ACCOMMODATION IN ORDER TO COMPLETE THIS FORM AND/OR TO PARTICIPATE IN A PROGRAM OR SERVICE, CONTACT THE ADA COORDINATOR AT 686-2266.



82-23 (Rev. 6/15)

---

CITY OF PHILADELPHIA • DEPARTMENT OF RECORDS

**FACT SHEET ABOUT REQUESTS FOR AUTOMOBILE ACCIDENT REPORTS**

PLEASE RETAIN BOTTOM PORTION OF FORM FOR YOUR FILES. NOTE THE DATE YOU MAILED YOUR REQUESTS, DISTRICT CONTROL NUMBER, PHILADELPHIA CODE AND ANY OTHER INFORMATION THAT MAY BE PERTINENT TO YOU.

DISTRICT CONTROL NO./PHILA. CODE        NAME(S) OF DRIVERS/FILE NO.        DATE MAILED

It is essential that the information provided on the application is accurate. Information should include the following: date of accident, name of driver(s), location, DC Number, affidavit and photo ID. Driver's name must be on report to receive a copy. The district control number and the Philadelphia Code can be obtained by calling the police district where accident occurred. Affidavit on-line at www. phila.gov/records. Select Police/Fire Reports Unit. **Insufficient or vague information may result in a negative response.**

All Inquires are made and mail is sent to:
Department of Records
Traffic Accident Reports
Room 168, City Hall
Philadelphia, PA 19107
(215) 686-2266

**TO EXPEDITE SERVICE, PLEASE SEND A SELF-ADDRESSED, STAMPED ENVELOPE.**
**MAKE CHECKS OR MONEY ORDERS PAYABLE TO "CITY OF PHILADELPHIA"**

**FEE NOT REFUNDABLE**
PLEASE ALLOW 2 TO 3 WEEKS FROM DATE OF ACCIDENT BEFORE APPLYING FOR COPIES.

*THANK YOU FOR APPLYING BY MAIL*

CITY OF PHILADELPHIA

RECORDS DEPARTMENT

TRAFFIC ACCIDENT REPORTS

**Affidavit for Insurance Company, Agent for Insurance Company, Agent, Lawyer**

Date of Request __10/17/17__ District Control Number of Report Requested __16-15-110950__

I swear and subscribe that I __Angelo M. Theodosopoulos__

☐ Am an individual involved in an accident for which a police report was filed

　　☐ Parent　　☐ Guardian (Explain Relationship) _____

　　☐ Power of Attorney　　☐ Other (Explain Relationship) _____

☐ Am an authorized agent for an individual(s) who was/were a party to the accident

☐ Am an authorized staff person of an insurance company representing an insured party to
an accident
Name of Contact Person _____

☐ Am an authorized agent from a company that works for an insurance company representing
an insured party to an accident
Name of Contact Person _____

☒ Am an attorney representing a client who was a party to the accident
Name of Contact Person __Stephanie McDevitt__

☒ **I understand that only certain individuals are entitled to a copy of a traffic accident report
This boxed MUST be checked**

**Government Issued Photo ID is required for all of the above**

The following information must be typed or printed:

District Control Number of Report Copy Requested
__16-15-110950__

Name of Individual, Insurance Company, Agent for Insurance Company, Agent, Attorney
__Angelo M. Theodosopoulos__

Insurance Company NAIC number　　　　　　　　　Attorney Bar ID #
　　　　　　　　　　　　　　　　　　　　　　　__312367__

Address
__1235 22nd St, Philadelphia, PA 19123__

Telephone Number
__215.568-3500__

Name of Individual involved in the accident or Client, Insured
__Bailey McKenna__

Address of Individual involved in the accident or Client, Insured

Signature of ☐ Individual ☐ Insurance Company ☐ Agent for Individual ☐ Agent for Insurance Company ☒ Attorney | Date __10/24/17__

Under penalties of law or ordinance, and 18 PA C.S. Sec. 4120, and 18 PA C.S. Sec. 4904, I declare that the
information on this form and on accompanying documentation is accurate and complete

82-351 (Rev. 1/12)

